**WADE v. SUPERIOR INS. CO.**

**No. 2901.**

Court of Civil Appeals of Texas. Eastland.

Dec. 14, 1951.

Rehearing Denied Jan. 18, 1952.

Perry O. Barber, Colorado City, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

GRISSOM, Chief Justice.

W. H. Wade, Sr., sued Superior Insurance Company. At the close of plaintiff's evidence, the court instructed a verdict for defendant, rendered judgment accordingly, and Wade appealed.

Wade alleged that on October 15, 1949, he was an employee of Mungerville Gin, Incorporated, in the capacity of "president, manager and common laborer;" that as such employee it was his duty to oversee the operation of the gin, check on other employees and assist in the manual operation of the gin; that said insurance company had issued to said gin corporation "a policy of Workmen's Compensation Insurance, under the laws of the State of Texas, same being policy No. 4716," whereby said gin company became a subscriber under the workmen's compensation law and that said policy was in effect when he was injured; that "although said employer is a corporation and plaintiff is president thereof plaintiff was at all times incident to this litigation actively engaged in performing duties which are ordinarily undertaken by a superintendent, foreman and common workman; that plaintiff is included in the enumeration and description of employees contained in said policy of insurance who are covered by said policy of insurance and that his wages were included in, and formed a part of the estimated total annual remuneration" paid employees of said gin during 1949, the period in which said policy of insurance was in force and, therefore, plaintiff was covered by the terms and provisions of said policy. He alleged that while he was putting dressing on the belt of a burr machine he was caught in the belt and injured. Wade alleged he was entitled to compensation "under the terms and provisions of the policy of Workmen's Compensation Insurance" issued by said insurance company to said gin corporation, being policy number 4716, which policy was in effect at all times material to the suit

and that he was employed at the time of his injuries as "president, manager and common workman * * *."

Wade alleged that, if mistaken in alleging he was entitled to recover compensation under the terms of Workmen's Compensation Policy number 4716, prior to the issuance of said policy, his employer, Mungerville Gin, Incorporated, acting by and through Wade, its president and manager, entered into an oral contract with said insurance company "acting by and through its agent, O. H. Morris & Son," whereby it was agreed that said insurance company would issue "a policy of Workmen's Compensation Insurance" which would insure all the people working for the Mungerville Gin, Incorporated, including Wade; that Morris & Son knew Mungerville Gin, Incorporated, was a corporation and that Wade was its president and manager and knew that his duties as president and manager of said corporation included the performance of the tasks of a common workman; that, in performance of said oral contract, said insurance company issued to Mungerville Gin, Incorporated, Workmen's Compensation insurance policy, number 4716, and said gin company included Wade's wages in its payroll reports on the first days of 1949 and 1950 and paid the premiums on said policy to said company based on said reports; that Wade's wages were included in the basis for fixing premiums and said insurance company collected and retained said premiums, including the premiums paid for coverage of Wade; that Superior Insurance Company, through its agent, Morris & Son, made said oral contract with Mungerville Gin, Incorporated, to insure Wade against accidental injuries, which contract was evidenced by the policy issued, and that by this express agreement of the parties said policy covered Wade. That said insurance company "having made and entered into said oral contract to issue a workmen's compensation policy which would provide coverage for plaintiff, and having in pursuance of said oral contract issued policy No. 4716, and having collected and retained the premiums on said policy, said defendant is estopped to deny the validity of said oral contract" made for Wade's benefit, and by said oral contract said insurance company became obligated to pay Wade the compensation provided by policy number 4716 to the same extent and at the same rate as if Wade actually were an employee of said gin company as the term "employee" is used and defined by the workmen's compensation act of Texas and in accordance with the terms and conditions of the workmen's compensation act of Texas.

The insurance company excepted to Wade's petition because it sought recovery under the workmen's compensation law of Texas and under the policy issued by virtue thereof, by said insurance company to a corporation, which petition showed on its face that Wade was the president of said gin corporation; that the laws of Texas, particularly Section 1a, Art. 8309, prohibit a president of a corporation from receiving the benefits of the workmen's compensation law and of policies issued thereunder. The insurance company denied Wade was an employee of Mungerville Gin, Incorporated, within the meaning of the workmen's compensation law. It alleged that it was not a carrier of workmen's compensation insurance insofar as Wade was concerned because the policy of workmen's compensation insurance issued by it to Mungerville Gin, Incorporated, covered only injuries to employees of said gin, as that term was defined in the workmen's compensation law of Texas and that, at all times in question, said gin company was a corporation and Wade was its president and was not an employee. It denied that Morris & Son acted as its agent in entering into the oral contract alleged or that Morris & Son had authority to bind it on said alleged oral contract. Said answer was sworn to by the insurance company's counsel on information and belief.

Plaintiff's points of error are as follows: (1) that the court erred in instructing a verdict for defendant because "plaintiff is covered by the provisions of Workmen's Compensation Policy No. 4716;" (2) that, if there was any evidence that the insurance company made an oral agreement with Mungerville Gin, Incorporated, to provide

workmen's compensation insurance coverage for Wade and if there was any evidence the insurance company collected and retained premiums for workmen's compensation insurance coverage for Wade, the court erred in instructing a verdict for the insurance company; (3) that the court erred in not admitting Wade's testimony that Beasley, "a representative of defendant," came to the Mungerville Gin on January 5, 1950, said he was sent there by said insurance company and told Wade that he was covered by the insurance policy sued on; (4) that Wade alleged he was covered by workmen's compensation policy number 4716 and such allegation is presumed to be true because the insurance company did not deny it by a properly verified pleading, as required by Rules of Civil Procedure, rule 93, subd. n.

Art. 8309, Section 1a, provides: "The president, vice-president or vice-presidents, secretary or other officers thereof provided in its charter or by-laws and the directors of any corporation which is a subscriber to this law shall not be deemed or held to be an employe within the meaning of that term as defined in the preceding section hereof, and this notwithstanding they may hold other offices in the corporation and may perform other duties and render other services for which they receive a salary."

In Service Mut. Ins. Co. of Texas v. Blain, 140 Tex. 541, 168 S.W.2d 854, our Supreme Court held that an employee of a bakery who did not have the health certificate required by Art. 705c, Vernon's Ann.P.C. was not an employee within the workmen's compensation act, because he was hired in violation of a penal statute which provided that the operator of a place where food is manufactured shall not employ a person without a physician's certificate that he is free from infectious or contagious diseases, notwithstanding the fact that such employee did not intentionally violate the statute and was in fact free of infectious or contagious diseases. It was held that the fact that the insurer collected from the bakery workmen's compensation insurance premiums based on wages of a workman known by the insurer to have been hired without having such certificate did not estop the insurer from denying that such workman was an employee within the workmen's compensation act.

In Southern Surety Co. v. Inabnit, 119 Tex. 67, 24 S.W.2d 375, 377, the Supreme Court held that a pumper on a lease, who was appointed receiver for the purpose of saving the expense of a receiver, and who thereafter continued to work as a pumper and to receive the same wages he had received as a pumper before his appointment as a receiver, was not an employee within the workmen's compensation act. It held that the insurance company was not estopped to deny that Inabnit was an employee on the theory that the insurance company knew that premiums paid were based on a payroll which included Inabnit as an employee, and that the insurance company, with knowledge of the facts, accepted the premiums. The court held that "A plea of estoppel cannot be used for the purpose of enabling the Industrial Accident Board to acquire jurisdiction over a case where no jurisdiction in fact exists."

In Hill v. Georgia Casualty Co., Tex. Com.App., 45 S.W.2d 566, 567, a nursery laborer was killed, the court construed the statute excluding agriculture laborers from the operation of the compensation law and held that "employees who do not fall within the operation of said law cannot be brought under its operation by agreement."

Prior to the amendment of Section 1a, Art. 8309, it was held that, although the statute then provided that the president of a corporation which was a subscriber under the workmen's compensation law should not be held to be an employee, if such president performed other duties as an employee for which he was paid, he was an employee under the workmen's compensation law. As a result of such decisions the legislature amended the statute and provided that the officers of a corporation which was a subscriber under the workmen's compensation law should not be held to be an employee within such law, notwithstanding that they might perform

896

other duties and render other services for which they received a salary. See 81 A.L.R. page 51.

In Mulkey v. Traders & General Ins. Co., Tex.Civ.App., 93 S.W.2d 582, 586, Writ Ref., this court held that an insurer was not bound by an oral agreement with an insurance company's soliciting agent that persons not covered by the policy issued were to be covered.

■ Points 1 and 2 are overruled.

The proffered testimony that Beasley looked at the policy, and said Wade was covered by the insurance policy sued on was an erroneous conclusion of law and not admissible. Texas Employers' Ins. Ass'n v. Sewell, Tex.Civ.App., 32 S.W.2d 262, 264, Writ Ref.

■ Appellant's fourth point, that appellee's denial that it was the carrier of workmen's compensation insurance so far as Wade was concerned (because its policy covered only employees within the meaning of workmen's compensation law; that the gin company was a corporation and Wade was its president and, therefore, Wade was not an employee within the meaning of said law), was ineffective because made on information and belief, is overruled. The pleading was not excepted to on account of any defect in the affidavit and cannot be questioned for the first time on appeal. R.C.P. 90; Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W. 2d 989, 990. The question was so decided in Texas Osage Co-op Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849, 851, Writ Ref. The court said: "* * * the fact that the affidavit by which it is verified is defective does not render the pleading a nullity * * * where no exception has been urged thereto, the fact that the pleading has not been verified, or that the affidavit by which it is verified is in some respect defective, is waived and the pleading is a sufficient basis for the admission of evidence in support thereof."

Art. 4913, provides that any contract or agreement not written into the application and policy shall be void. Section 1a, Art.

8309, heretofore quoted, prohibits the making of the contracts, either oral or written, alleged by appellant. It expressly provides that the president of a corporation shall not be held to be an employee, regardless of the fact that he may perform other duties and is paid therefor. By virtue of the statute, Wade was not an employee under the workmen's compensation law. The suit was to recover on the written workmen's compensation policy issued by appellee or, in the alternative, upon an oral agreement with appellee's soliciting agent to issue a "Workmen's Compensation policy" covering the president of a corporation. The issuance of such a policy and the agreement to issue such a policy is prohibited by said statute.

The judgment is affirmed.