TEXOMA BROADCASTING COMPANY
OF WICHITA FALLS, Appellant,

v.

E. C. DARTER, d/b/a Darter Furniture
Company, Appellee.

No. 15775.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 16, 1956.

Jones, Parish & Fillmore and R. Larry Robinson, Wichita Falls, for appellant.

L. V. Abernathy, Wichita Falls, for appellee.

RENFRO, Justice.

This suit was originally filed in justice court and, after judgment, appealed to the district court. The district court of Wichita County had jurisdiction by virtue of Article 1970–166b, Vernon's R.C.S.

The plaintiff, E. C. Darter, sued Texoma Broadcasting Company, a corporation, and its successor, Texoma Broadcasting Company of Wichita Falls. He alleged that on or about the 6th of March, 1953, he entered into a written contract with Texoma Broadcasting Company through its agent, Arthur E. Marks, for promotional advertising over its radio station KTRN and that said contract was confirmed by said Company by letter of March 23, 1953. It was alleged the defendants canceled the contract and failed to return money theretofore paid.

On trial before the court without a jury, judgment was entered for the plaintiff against the Texoma Broadcasting Company of Wichita Falls for $71.20 and judgment denied plaintiff as against Texoma Broadcasting Company, a corporation. From this judgment the Texoma Broadcasting Company of Wichita Falls appealed.

Defendant contends the plaintiff failed to establish by competent evidence that the contract sued upon was entered into by an agent of the defendant, and thus failed to establish a contract between the plaintiff and the defendant.

Plaintiff testified that a certain instrument was the contract he entered into with the radio broadcasting station. Over the

objection of the defendant, the instrument was introduced in evidence. The instrument is headed: "One Year Subscription, Associated Advertisers Co., Amelia Building, 614 W. Walnut St., Louisville 2, Ky." and is addressed to the Radio & Television Promotion Division. It begins, "Please enter my subscription for radio and promotional advertising with radio station KT RN". Then follows description of the services plaintiff will receive and the cost to him. The last line of the instrument reads, "Subscriptions are subject to acceptance by the Louisville office of Associated Advertisers Co." The instrument is signed by plaintiff and Arthur E. Marks, representative.

The plaintiff testified, over the objection of the defendant, that Marks purported to be representing KTRN radio station.

The Texoma Broadcasting Company, by letter of March 23, 1953, advised plaintiff that the Associated Advertisers Company had turned in radio broadcast time for plaintiff. The letter then set out the number of commercials and the time they would be made for plaintiff. On June 17, 1953, Texoma Broadcasting Company wrote plaintiff that Associated Advertisers had breached its contract with the Broadcasting Company and advised plaintiff to disregard all statements from Associated Advertisers demanding money "as their contract with you has been broken and you owe them no money".

The written agreement between the Broadcasting Company and Associated Advertisers Company was introduced. In said agreement the Broadcasting Company, for a consideration of $325 a month to be paid in advance, agreed to broadcast each week one 60-word announcement for each customer of Associated Advertisers.

The testimony by plaintiff that the instrument offered in evidence was his contract with the radio broadcasting station was, of course, a mere conclusion on his part.

The contract on its face shows to be a contract between Associated Advertisers Co. of Louisville, Ky., and the plaintiff. Plaintiff attempted to show it was in fact the Broadcasting Company's contract by stating that Marks purported himself to be an agent of the radio station. The declaration of Marks purporting himself to be an agent of the radio station was incompetent to establish either the fact of his agency or the scope of his authority. 2 Tex.Jur., p. 523, sec. 125.

Since the contract relied upon by plaintiff was introduced on the assumption that Marks was the agent for the Broadcasting Company and since as a matter of fact no competent proof was offered that he was an agent of the Broadcasting Company, the contract was not admissible. The letter of March 23rd was not a confirmation of the contract but, at most, was a notification to plaintiff that Associated Advertisers had ordered certain time for commercials to be broadcast for plaintiff.

It is our opinion that without plaintiff's testimony that the instrument he offered in evidence was his contract with the Broadcasting Company and that Marks purported to be an agent of the radio station, the record does not reflect any competent evidence of a contract between plaintiff and the Broadcasting Company. As we have heretofore stated, we think the evidence was improperly admitted. There was no competent evidence to support the judgment for plaintiff.

The plaintiff, by counterpoint, argues that the defendants did not file a verified denial of the agency alleged in plaintiff's petition, hence the contract bearing Marks' signature fully established agency by virtue of Rule 93, Texas Rules of Civil Procedure.

At the trial, plaintiff introduced evidence in an effort to prove Marks was the agent of the Broadcasting Company. The defendant offered evidence to show that Marks was not its agent and that it never

confirmed the contract Marks negotiated with plaintiff. Plaintiff did not object to the testimony introduced by the defendant.

Plaintiff at no time pointed out to the trial court, in writing or otherwise, that he was relying on defendant's failure to deny agency under oath. The case was as fully tried on the question of agency as if such agency had been denied under oath. On this appeal the plaintiff for the first time raised the question of lack of sworn denial.

In Texas Osage Co-op Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849, 852, the appellants argued that a certain affidavit did not constitute a verification of pleadings under Rule 93. The court held: "* * * appellants did not, prior to the rendition of the judgment complained of, by motion, exception, or otherwise, attempt to secure the action of the trial court upon the alleged defect in the affidavit attached to appellees' pleadings, either as to form or substance. By their failure to do so they clearly waived their right on appeal to question the sufficiency of said affidavit under said Rule No. 90, Texas Rules of Civil Procedure." The above holding was cited with approval by this court in Shaw v. Porter, Tex.Civ. App., 190 S.W.2d 396. See also Thomas v. Southern Lumber Co., Tex.Civ.App., 181 S.W.2d 111; Helms v. Day, Tex. Civ.App., 215 S.W.2d 356; Texas Indemnity Ins. Co. v. Watson, Tex.Civ. App., 207 S.W.2d 99, reversed on other grounds, 147 Tex. 40, 210 S.W.2d 989.

Under the facts as shown in the record, the issue of agency was tried by implied consent and the plaintiff waived his right to contend on appeal that agency was admitted because not denied under oath. McDonald, Texas Civil Practice, Vol. 2, p. 657, sec. 7.26, p. 665, sec. 7.29.

The judgment of the trial court is reversed and judgment here rendered that plaintiff take nothing.

Reversed and rendered.