**FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant,**

v.

**Guy LANDRY, Appellee.**

No. 6352.

Court of Civil Appeals of Texas.

Beaumont.

March 9, 1961.

Rehearing Denied May 3, 1961.

King, Sharfstein & Rienstra, Beaumont, for appellant.

Barnes & Barnes, Beaumont, for appellee.

ANDERSON, Chief Justice.

This is a workmen's compensation suit in which appellee, as plaintiff in the trial court, recovered judgment on a jury verdict as for the total and permanent disability of his wife, who was accidentally injured on December 12, 1957, while in the course of her employment as an employee of The Enterprise Company, Inc. The appeal brings under review only that part of the record that touches the filing of a claim for compensation with the Industrial Accident Board.

No claim for compensation because of Mrs. Landry's injury was filed with the Board by anyone within six months from the date of injury. Appellee nevertheless pleaded that a claim was filed within that period of time. Alternatively, however, he pleaded that a claim was filed with the Board on or about October 7, 1958, and that good cause for not having filed one earlier existed up until that time. In the latter connection, and in substance, he pleaded that because of her reliance on representations made to her by the doctor to whom her employer sent her for treatment, Mrs. Landry failed to appreciate the true nature and extent of her injury until just before the claim was filed.

Appellant included in its answer a duly verified paragraph in which it specially denied that a claim for compensation because

of Mrs. Landry's injury was filed with the Industrial Accident Board within six months from the date of injury, but it neither excepted to the allegations in appellee's petition regarding good cause for the delay in filing a claim nor denied by verified pleadings the truth of such allegations or that good cause for the delay in filing a claim had existed.

Despite the fact that appellant had not joined issue by verified pleadings on the matter of "good cause", appellee undertook to prove his allegations in respect to that matter, and that there had been good cause for the delay in filing a claim. His evidence was controverted.

Appellant moved for an instructed verdict upon conclusion of the evidence, alleging that there was neither evidence to show when a claim for compensation was filed with the Industrial Accident Board nor evidence to show that there had been good cause for not filing a claim within six months from the date of injury or earlier than one was filed. The motion was overruled and special issues were submitted to the jury. Among the special issues were three (13, 14, 15) having to do with "good cause" for the delay in filing a claim with the Industrial Accident Board, and each of the three was answered favorably to appellee. The jury found: 13) that Dr. Stuart T. Wier represented to Mrs. Landry that the latter's discomfort would last for only a very brief period of time and that Mrs. Landry would then be able to resume her usual tasks in comfort; 14) that Mrs. Landry relied upon Dr. Wier's representations; 15) that under the attending conditions and circumstances Dr. Wier's representations and Mrs. Landry's reliance on them constituted "good cause for delaying the filing of the claim with the Industrial Accident Board up to the time [Mrs. Landry] did file her claim." Appellee moved for judgment on the verdict, and appellant moved for judgment notwithstanding the verdict. Appellant urged, among other things, that the jury's finding in response to special issue No. 15 was without support

in the evidence and should therefore be disregarded. Appellant's motion was overruled and appellee's was granted. Appellant then seasonably filed a motion for a new trial, urging, among other things, that the jury's finding in response to special issue No. 15 was without any support in the evidence or, in the alternative, was without sufficient support in the evidence. The motion was duly presented and was overruled.

Appellant has brought forward seven points of error, but the questions for decision resolve down to these: Is there evidence, and sufficient evidence, to show when a claim for compensation because of Mrs. Landry's injury was filed with the Industrial Accident Board? Is there evidence, and sufficient evidence, to show that good cause existed for failure to file a claim with the Board within six months from the date of injury and until a claim was filed?

We hold that there is no evidence showing when a claim for compensation was filed with the Industrial Accident Board and that therefore the jury's finding that good cause for the delay in filing existed up until a claim was filed cannot be sustained.

The only evidence which even touches the filing of a claim for compensation was given by Mrs. Landry during direct examination and is as follows: "Q. About what date did you mail in your claim for compensation? A. After the 23rd of September, approximately, of '59. (Is it?) '58 * * *."

Such testimony is unaided by its context, and its deficiencies are obvious. If it is conceded that Mrs. Landry finally settled upon 1958 as the year she actually had in mind, she still said nothing more than that it was "after" September 23, 1958, "approximately," that she mailed her claim; she did not say how long afterwards it was. The record affords no justification for disregarding the word "after," but if the word is disregarded, and even though the testimony is treated as the equivalent of Mrs. Landry's having said that she mailed in her

claim on or about September 23, 1958, there still is the question as to whom the claim was mailed. Was it mailed to the Industrial Accident Board, to the employer, to the insurer, to Mrs. Landry's attorney, or to someone else? The evidence does not supply an answer, and mere supposition is not a sufficient basis on which to supply one.

Had Mrs. Landry testified to facts showing the claim to have been mailed to the Industrial Accident Board correctly addressed and bearing proper postage, her testimony would have presented an entirely different situation. It would have done what her actual testimony is insufficient to do: raised a presumption that the Board received the claim in due course of mail. Texas Law of Evidence (McCormick and Ray), 2nd Ed., Sec. 111, and the cases there collated. Even then, however, there would have been the question as to whether such evidence was sufficient to show that the claim was filed and when. Smith v. Fidelity and Casualty Company of New York, 5 Cir., 261 F.2d 460. It is a question on which we express no opinion.

It is self-evident, we think, that without knowledge as to when the claim for compensation was filed with the Industrial Accident Board, the jury was in no position to find that good cause for the delay in filing it existed up until the claim was filed.

The same lack of knowledge leaves this court in no position to pass upon appellant's contention that there is no evidence or at least insufficient evidence to show good cause for the delay in filing a claim. We shall say, however, without detailing or discussing the evidence, that if there were evidence showing that the claim reached the Industrial Accident Board in due course of mail after September 23, 1958, and was thereupon filed, we would not be disposed to disturb the jury's finding that good cause for the delay in filing existed up until the claim was filed.

It is well settled that when, as in this instance, there has been a failure to comply with Art. 8307, Sec. 4a, Vernon's Ann.Civ.St., in its requirement that a claim for compensation be filed with the Industrial Accident Board within six months from the date of injury, there can be no recovery under the Workmen's Compensation Law in the absence of a showing that "good cause" existed for the failure to file a claim within that period of time and until one was filed. Williamson v. Texas Indemnity Ins. Co., 127 Tex. 71, 90 S.W.2d 1088; Holloway v. Texas Indemnity Ins. Co., Tex.Com. App., 40 S.W.2d 75. And the burden of proving the existence of "good cause" for a delayed filing rests on the claimant. Williamson v. Texas Indemnity Ins. Co., 127 Tex. 71, 90 S.W.2d 1088; Ocean Accident & Guarantee Corporation v. Pruitt, Tex.Com.App., 58 S.W.2d 41. Appellee, in the respect already mentioned, failed to discharge that burden. The judgment of the trial court must therefore be reversed. But rendition of judgment in favor of appellant does not necessarily follow. The case obviously has not been fully developed, and we feel that it is one which should be remanded for a new trial. Rule 434, Texas Rules of Civil Procedure; Williams v. Safety Cas. Co., 129 Tex. 184, 102 S.W.2d 178.

Relying upon Rule 93(n), subd. (7), T.R.C.P., and upon such cases as Southern Underwriters v. Tullos, 136 Tex. 408, 151 S.W.2d 789, and Traders & General Ins. Co. v. Porter, Tex.Civ.App., 124 S.W.2d 900, er. ref., appellee would have us affirm the judgment of the trial court upon the theory that, not having been denied by verified pleadings, and since the existence of good cause for the failure to file a claim earlier was not denied by verified pleadings, the matters pleaded by him as good cause for the delay in filing a claim for compensation with the Industrial Accident Board are conclusively presumed to be true.

The presumption would be indulged if appellee had seen fit to rely upon it and had protected his right to rely upon it, but he

did not, and we are of the opinion that it is no longer available to him. Having been the first to introduce evidence relative to the matter, having interposed no objection to the controverting evidence introduced by the defendant, and having insisted that special issues relative thereto be submitted to the jury, or at least having failed to object to the submission of such special issues, appellee must be held to have consented to trial of the issue of "good cause" for the delay in filing a claim. Such being the case, he may not on appeal take for the first time the position that the defendant's answer was insufficient to join issue on the matter. Rule 67, T.R.C.P.; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Texoma Broadcasting Co. of Wichita Falls v. Darter, Tex.Civ.App., 296 S.W.2d 277.

Appellee also argues that there are other presumptions which should be indulged and which are sufficient to support the jury findings and the judgment. For example, he says that, not having been denied by verified pleadings, the allegations in his petition to the effect that on December 11, 1958, the Industrial Accident Board made a final ruling on Mrs. Landry's claim for compensation must be presumed true as pleaded—Rule 93(n), subd. (3), T.R.C.P. He then says that it must be presumed that appellee had filed a claim for compensation with the Board before the Board made its final ruling, or prior to December 11, 1958, as a claim for compensation was essential to invoke the exercise of jurisdiction by the Board. And he seeks to couple with those presumptions the jury's finding to the effect that "good cause" for the delay in filing existed up until Mrs. Landry filed her claim.

A sufficient answer to the argument is to be found, we think, in the fact that the Industrial Accident Board's final order or ruling was not placed in evidence and the jury was not by evidence apprised of its date. Irrespective of what deductions with reference to the filing of a claim, and the time of filing, the jury may have been at liberty to make from evidence showing a final ruling to have been made by the Industrial Accident Board on December 11, 1958, it could draw none of them in the absence of such evidence.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

McNEILL, J., not sitting.