**TEXAS EMPLOYERS INSURANCE ASSO-
CIATION, Appellant,**

v.

Isaac Denton CUMMINGS, Appellee.

No. 4075.

Court of Civil Appeals of Texas.

Waco.

Jan. 10, 1963.

Rehearing Denied Jan. 31, 1963.

Jones, Boyd, Westbrook & Lovelace, Waco, for appellant.

McLaughlin, Clark, Fisher, Gorin & McDonald, George Clark, Waco, for appellee.

TIREY, Justice.

This is a compensation case. On a verdict favorable to plaintiff, the Court set aside the award of the Industrial Accident Board and decreed that plaintiff recover the sum of $20.18 per week for a period of 401 weeks from September 8, 1960, and found that the plaintiff is entitled to have the liability of the defendant redeemed by payment of a lump sum with interest upon all past due installments at the rate of 4% compounded annually from the date that each became due, and for all advanced payments discounted at the rate of 4% compounded annually, and to recover interest upon the judgment at 4% compounded annually from date of judgment until paid, and found that defendant had not paid any compensation up to date. It further decreed that plaintiff recover the sum of $7424.41, with interest at the rate of 4% per annum compounded annually from date of judgment until paid, and fixed reasonable attorneys fees for plaintiff's attorneys, and decreed that plaintiff be apportioned 70% of the amount of the judgment, and that his attorneys be apportioned 30%, and taxed all costs against defendant.

The judgment is assailed on 19 Points. Points 1 and 2 are to the effect that the Court erred substantially as follows: (1) In presuming as a matter of law that appellee had good cause for failure to file his claim with the Industrial Accident Board before July 26, 1961, more than six months subsequent to September 8, 1960, the date of the alleged accidental injury; (2) In overruling appellant's motion for instructed

verdict, where the evidence and the admissions of appellee established as a matter of law that appellee did not file his notice of claim with the Industrial Accident Board within six months of the date of the alleged accidental injury and did not have good cause for his late filing. It is our view that each of the Points must be overruled for reasons hereinafter stated.

A statement is necessary. Plaintiff filed his claim on July 25, 1961, with the Industrial·Accident Board for accidental injury sustained by him on September 8, 1960, in the course of his employment while he was assisting in moving some boxes out of the elevator at Goldstein-Migel Company in Waco, and stated that a stack of boxes buckled and fell against him, knocking him against the elevator and caused the accidental injury to his right leg, which injury extended to and affected other parts of his body generally. Evidence was tendered to the effect that six or eight bundles weighing 60 pounds to the bundle, struck plaintiff on his right leg and threw him back against the steel wall of the elevator, striking his right hip, and that the weight of the bundles caused him to fall to the floor, and that he came to rest after the fall sitting on the floor against the back of the elevator with his left leg in a twisted position and his right leg outstretched with the bundles piled on his leg, pinning him down until they were removed by a fellow employee; that after the accident the claimant complained of an open wound seven to eight inches long on the front of his right leg below the knee where the skin and flesh were scraped down to the bone; that a swollen area immediately developed below the right knee and never went away; that plaintiff at once began having severe pain in his right leg and up the back of his leg and into the hip along the sciatic nerve; that as a result of the injury and resulting infection in the area, a severe phlebitis developed which still persists at the time of the trial; that swelling and discoloration developed in the leg as a result of the injury and infection and enlarged, tortuous and painful varicose veins developed in the right leg as a result of the accident; that severe cramping developed in the right leg; that arthritic deposits in the right knee and right hip and in the blood vessels in the pelvic region near the right hip joint either developed as a result of the accident or were aggravated by the injury so that such condition for the first time began to cause pain and discomfort; that the sciatic nerve on the right side was damaged by the direct blow to the hip in the accident, and the infection and persistent pain along the sciatic nerve on the right side was caused by a ruptured disc, and that the injuries have resulted in total and permanent incapacity, and that he has been so incapacitated since the date of the accident on September 8, 1960.

Plaintiff's original petition was filed November 6, 1961, and his first amended original petition was filed on March 2, 1962, the last being the pleading on which the plaintiff went to trial. The original petition contains some 11 pages; plaintiff's first amended original petition, on which he went to trial, contains some 9 pages, and in each of these pleadings plaintiff set out clearly and in detail grounds which he alleged constituted good cause for his failure to file claim for compensation with the Industrial Accident Board for his injuries of September 8, 1960, until July 26, 1961.

■■ Since the sufficiency of appellee's trial pleading on the grounds of good cause have not been questioned by points of assignment in appellant's brief, and since the defendant did not deny either the existence of good cause or the truth of plaintiff's allegations of good cause in a pleading filed not less than 7 days before the cause proceeded to trial as required by Rule 93(n), Texas Rules of Civil Procedure, it would serve no useful purpose to go into detail as to the allegations of plaintiff constituting good cause. See Art. 8307b, Vernon's Ann. Rev.Civ.Stats.; Southern Underwriters v. Tullos; 136 Tex. 408, 151 S.W.2d 789. See also Traders & General Ins. Co., v. Porter.

**258**

Tex.Civ.App., 124 S.W.2d 900, Pt. 1 (Nov. 1938, w. ref.); Texas Employers Ins. Ass'n v. Warren, 149 S.W.2d 182, Pts. 1–2 (March 1941, this Court, writ ref.). As we understand the decision of our Supreme Court on the foregoing matter, it is to the effect that the provisions of Rule 93(n) are mandatory, and in effect hold that an allegation on behalf of plaintiff for good cause to file his claim within the statutory period must be challenged by pleadings denying under oath the existence of good cause for appellee's failure to file his claim for compensation within the 6 months period provided by the statute, or by denying under oath the truth of the facts as pleaded by appellee as constituting good cause. Our Supreme Court clearly stated the reason for its holding and it has not seen fit to change or modify the Rule heretofore stated. It is true that after testimony was closed, and after both sides had rested, the defendant filed its second trial amendment on March 29, 1962, in which pleading it challenged the issue of good cause by verified plea; however, appellee seasonably filed his motion to strike on the grounds that the pleading was not filed within the time provided by Sec. (n) of Rule 93, aforesaid, and this motion was sustained and the pleading was stricken. Under the above authorities we sustain the action of the Trial Court. Moreover, in the Court's judgment we find:

"It appears to the Court that the plaintiff, by the allegations in his first amended original petition, shows good cause for plaintiff's failure to file claim for compensation with the Industrial Accident Board until the time the same was filed on July 26, 1961, and it appears further to the Court that defendant did not, either in its second amended original answer, filed on March 14, 1962, or in an amended pleading filed not less than seven days before this cause proceeded to trial, deny under oath the existence of good cause for plaintiff's failure to file claim within six months after the date of the injury, or the truth of the facts pleaded by plaintiff as constituting good cause for delay in filing claim for compensation until the time it was filed on July 26, 1961."

The foregoing finding is not challenged by appellant's amended motion for new trial, nor is it challenged in appellant's brief, and must be accepted as correct. See Benson v. Greenville National Exchange Bank, Tex.Civ.App., 253 S.W.2d 918, Pt. p. 928; 4 Texas Digest, Appeal & Error, 

Appellant cites and relies on the following cases: Southern Underwriters v. Tullos, supra; Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W.2d 989; Fidelity & Casualty Co. of New York v. Landry (Beaumont Court 1961), Tex.Civ.App., 345 S.W.2d 778, n. r. e.; Texoma Broadcasting Company of Wichita Falls v. Darter, Tex.Civ.App., 296 S.W.2d 277, n. w. h.; Wade v. Superior Ins. Co., Tex.Civ.App., 244 S.W.2d 893, w. ref.; Texas Osage Co-op Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849, w. ref.; Texas Employers' Ins. Ass'n v. Brockman, Tex.Civ.App., 283 S.W.2d 817, n. r. e.; Texas Employers' Ins. Ass'n v. Ham, Tex. Civ.App., 333 S.W.2d 438, n. r. e.; Kimmell v. Tipton, Tex.Civ.App., 142 S.W.2d 421, n. w. h.; Consolidated Casualty Ins. Co. v. Perkins, 154 Tex. 424, 279 S.W.2d 299; Art. 8307, Revised Civil Statutes, Sec. 4a; Rules 67, 90 and 93, T.R.C.P.; McDonald's Texas Civil Practice, Vol. 2, Sec. 5.04, p. 482. We have carefully read each of appellant's citations, and do not believe that they support appellant's view that this cause should be reversed and remanded.

In oral argument appellant's counsel put great stress on the decision of the Beaumont Court in the Landry case, supra. We have carefully reviewed this decision and it is our view that the factual situation in the Landry case is obviously distinguishable from the undisputed factual situation in this cause, and the Rule applied in the Landry case is not applicable here. We

think we should add that issues are not tried by consent merely by the hearing of testimony thereon, but that submission to the jury has been held to be a part of the process, and the mere facts that testimony may have been developed on issues not necessary to be submitted to the jury under the pleading does not mean that the party has consented to the trial of such issues. See Matthews v. General Accident, Fire & Life Assurance Corp., 161 Tex. 622, 343 S.W.2d 251; also Harkey v. Texas Employers' Ins. Ass'n, 146 Tex. 504, 208 S.W.2d 919. The term "good cause" for not filing a claim for compensation is not defined by the statute, but it has been uniformly held by the Courts of this state that the test for its existence is that of ordinary prudence; that is, whether the claimant prosecuted his claim with the degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of the fact. It may be determined against the claimant as a matter of law only when the evidence construed most favorably for the claimant admits no other reasonable conclusion. See Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370. In this connection we find that claimant's allegation to the effect that he believed in good faith that his injuries were not serious, and the further allegation to the effect that he relied on advice of a physician of appellant that his injuries were not serious, brings the claimant's allegation well within the Rule set out in Harkey v. Texas Employers' Ins. Ass'n, aforesaid. The foregoing Rule by the Supreme Court not having been changed or modified.

▆▆▆ We think we should state that the law is well settled that in all cases a reasonable time should be allowed for the investigation, for the preparation and filing of a claim for compensation after the seriousness of the injuries is suspected or determined, and what is a reasonable time depends upon the facts of the particular case and is usually a question of fact. See Hawkins v. Safety Casualty Company, supra. In Texas the rule is well settled that the bona fide belief by a claimant that his injuries are not serious or that they will not disable constitutes good cause if the claimant is acting as an ordinarily prudent person, and particularly is this true when the belief is induced at least in part by the positive representation of the insurance company's doctor that the injury is not serious and will not be disabling and that claimant can and should continue working. See Hawkins v. Safety Casualty Company, supra. It is likewise true that the good faith that a claimant's belief that his injuries are not serious as a ground for excusable delay in filing claim for compensation is not affected by the fact that almost constant pain and suffering has existed since the date of injury. See Harkey v. Texas Employers' Ins. Ass'n, supra. It is the Court's duty to bear in mind that the Workmen's Compensation Act is a remedial statute and should be liberally construed to effectuate its humanitarian purposes and to promote justice. See Huffman v. Southern Underwriters, 133 Tex. 354, 128 S.W.2d 4. The extent of liberality to which our Supreme Court has gone is vividly illustrated in Hood v. Texas Indemnity Company, 146 Tex. 522, 209 S.W.2d 345. It is also well settled that the fact that a claimant continued to work and earn money since injury is not controlling on the issue of total and permanent disability, but it is evidence to be considered with other facts and circumstances before the jury. See Consolidated Casualty Ins. Co., v. Baker, Tex.Civ.App., 297 S.W.2d 706, n. r. e., and cases there cited.

The record in this cause is voluminous, but we have considered it most carefully. We are of the view that the charge of the Court correctly submitted the issues tendered by the pleadings and the evidence, and we find no error in the charge, and the evidence is sufficient to support the verdict. Each of the other Points in appellant's

brief has been carefully considered, and it is our view that none presents reversible error.

Accordingly, the judgment of the Trial Court is affirmed.