

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

#### NO. 02-16-00450-CV

ONE 2006 HARLEY DAVIDSON                                    APPELLANT
MOTORCYCLE,
VIN/1HD4CAM126K461441

V.

THE STATE OF TEXAS                                          APPELLEE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. C2016119

----------

## MEMORANDUM OPINION[1]

----------

Daniel Youngblood appeals from the trial court's judgment forfeiting his

2006 Harley Davidson motorcycle to the State of Texas under chapter 59 of the

Texas Code of Criminal Procedure.[2] Youngblood raises two issues: the evidence

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Code Crim. Proc. Ann. arts. 59.01–.14 (West 2006 & Supp. 2016).

is legally insufficient to support the trial court's finding that the motorcycle is contraband subject to forfeiture, and the trial court's judgment violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution. Because we conclude that the State produced sufficient evidence to support forfeiture and that Youngblood did not preserve his constitutional claim, we affirm the trial court's judgment.

## Background Facts

In April 2016, Hood County narcotics investigators Spencer Batchelor and Ray Miller were surveilling Youngblood's residence following claims from unnamed sources that he was transporting and selling methamphetamine. Batchelor would watch vehicles come and go from the residence and would contact drivers if they committed a traffic violation. Batchelor spotted Youngblood, whom Batchelor recognized because Youngblood was not wearing a helmet, riding a black Harley Davidson motorcycle.

On his computer, Batchelor checked Youngblood's driver's license and noticed that it was suspended. He pulled up behind Youngblood and activated his emergency lights and sirens to direct Youngblood to pull over to the side of the road.[3] Youngblood instead accelerated to fifty miles per hour in a thirty-mile-per-hour residential zone. After Youngblood made a couple of right-hand turns,

_____

[3]Batchelor was in a "marked patrol unit."

2

he looked back at Batchelor and waved at him as an indication for Batchelor either to follow or to pass him.

Youngblood disputed Batchelor's narrative, claiming instead that he was initially unaware that the police were following him because his motorcycle was too loud, his mirrors were too small, and he was not paying attention to what was behind him. Youngblood also denied speeding at any point during the time that Batchelor was following him. Youngblood further testified that Batchelor did not turn on his emergency lights and sirens until after Youngblood had made at least one right-hand turn onto another road. At that point, according to Youngblood, he waved to Batchelor to follow him to his house because there was not a safe place to pull over.

Youngblood proceeded to the back of his residence and stopped. Believing that Youngblood had been trying to evade him, Batchelor handcuffed Youngblood and then confirmed that Youngblood was also driving without insurance. Batchelor placed Youngblood under arrest and inside a pocket of Youngblood's shorts found a clear baggie containing a substance that Batchelor believed to be methamphetamine, the discovery of which prompted Youngblood to utter "dammit." Batchelor's instincts were right: the substance was later confirmed to be over two grams of methamphetamine. Youngblood maintained that either Batchelor or his partner Miller planted the baggie of methamphetamine into his pocket and that he did not know whose shorts he was wearing.

3

After Youngblood's pursuit and arrest, the State filed a petition for the trial court to forfeit the motorcycle, supporting the petition with an affidavit by Miller.[4] After a short bench trial, and without stating the precise offense or facts warranting forfeiture, the trial court determined that the motorcycle was contraband and ordered its forfeiture to the State.

## Legal Sufficiency

In Youngblood's first issue, he argues that the evidence is legally insufficient to support forfeiture. In particular, he argues that the affidavit that Miller signed and that the State attached to its petition could not be considered evidence supporting forfeiture and that the State failed to introduce sufficient evidence independent of the affidavit to support forfeiture based on claims of evasion of arrest or a felony drug offense. The State, in response, concedes that Miller's affidavit could not be used to uphold forfeiture, but the State argues that it nevertheless presented sufficient evidence at the bench trial to justify forfeiture.

**Standard of review**

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by legal or evidentiary rules from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital

---

[4]*See* Tex. Code Crim. Proc. Ann. art. 59.04(b) (requiring the State to attach to its forfeiture petition a sworn statement by a peace officer).

fact. *Ford Motor Co. v. Castillo*, 444 S.W.3d 616, 620 (Tex. 2014) (op. on reh'g); *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999). In determining whether legally sufficient evidence exists to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could, and must disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996); *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996). More than a scintilla exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact. *Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 262 (Tex. 2002). Any ultimate fact may be proved by circumstantial evidence. *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993).

**The affidavit**

As a preliminary matter, some ambiguity exists regarding Youngblood's precise complaint about Miller's affidavit. The thrust of his argument on appeal seems to be that the affidavit is insufficient as evidence because it is defective as an affidavit. Miller executed the affidavit to support the State's petition, swearing that "to the best of [his] information and belief . . . the [motorcycle was]

5

contraband as defined by chapter 59 of the Texas Code of Criminal Procedure." Miller then proceeded to quote a significant portion of chapter 59, to give a detailed account largely comporting with Batchelor's later testimony about Youngblood's pursuit and arrest, and to provide a rudimentary basis for the classification of the motorcycle as contraband.

The affidavit's defectiveness, according to Youngblood, mainly stems from Miller's claim that the motorcycle meets the definition of contraband under chapter 59 based upon the "best of [his] information and belief." Youngblood contends that the affidavit must be based on the personal knowledge of the affiant rather than on the best of the affiant's information and belief, and he asks us to not "base forfeiture on Miller's sworn statement." The State agrees, albeit on different grounds, that the affidavit is insufficient evidence to support forfeiture and suggests that Youngblood might have intended to assert the existence of a deficiency in the State's pleadings rather than to merely challenge the affidavit's evidentiary sufficiency.

Affidavits ordinarily are written and executed outside a trial or hearing and therefore are considered hearsay to the extent that they are offered to prove the truth of a matter asserted. *See* Tex. R. Evid. 801(d). Affidavits that constitute hearsay are inadmissible as independent evidence in the absence of some other statute, rule, or exception authorizing their evidentiary use at trial. *See* Tex. R. Evid. 802; *Kenny v. Portfolio Recovery Assocs.*, 464 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2015, no pet.). We are unaware of any exception in a civil-

6

forfeiture hearing for the admission of affidavits to prove or disprove any fact claimed by either party. *Cf.* Tex. R. Civ. P. 166a (permitting affidavits to provide evidentiary support in summary-judgment motions).

Nevertheless, even if such an exception exists, neither the State nor Youngblood introduced the affidavit as evidence at the bench trial. Youngblood did refer to and read aloud a portion of the affidavit during his own live trial testimony, and that portion was of course evidence, but he neither introduced the entire affidavit as evidence nor indicated that he intended to introduce it. Because the affidavit is inadmissible as independent evidence to prove the facts contained in it, and because even if it were admissible, the affidavit was not in fact introduced or used as trial evidence, we need not determine whether the affidavit is deficient in some way as to preclude the trial court from relying on it to justify the forfeiture order.

The State suggests that Youngblood perhaps intended to argue that his complaints about the affidavit were not meant solely to challenge its utility as evidence supporting forfeiture but also to indicate a potential third issue concerning a pleading-deficiency claim. If indeed anything about the affidavit equates to a deficiency in the State's pleadings, the State argues that it still does not help Youngblood because he failed to preserve the alleged error for appeal.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the context of the request,

objection, or motion. Tex. R. App. P. 33.1(a). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). The objecting party must also get a ruling— express or implied—from the trial court. Tex. R. App. P. 33.1(a)(2), (b); *see Lenz v. Lenz*, 79 S.W.3d 10, 13 (Tex. 2002).

A party may not complain about an opponent's pleading deficiency if the party failed to bring the deficiency to the trial court's attention before the judgment was signed. *See* Tex. R. Civ. P. 90; *In re D.T.M.*, 932 S.W.2d 647, 652 (Tex. App.—Fort Worth 1996, no writ). This is also true when the alleged deficiency relates to a defect in an affidavit attached to the pleadings. *Wade v. Superior Ins. Co.*, 244 S.W.2d 893, 896 (Tex. Civ. App.—Eastland 1951, writ ref'd).

We cannot find any indication that Youngbloood ever objected to or raised a deficiency in the State's pleadings. Because Youngblood failed to make a timely request, objection, or motion to draw the trial court's attention to some pleading deficiency, we agree with the State that any such complaint is waived.

As far as the affidavit is concerned, then, we agree with both Youngblood and the State that the trial court could not have based its forfeiture judgment on the affidavit alone. If Youngblood meant instead to argue that the State's pleading itself was deficient because of the attached affidavit, that complaint is waived. But other evidence exists on which the trial court could have based its forfeiture order even without the affidavit, as we next discuss.

8

**Evading arrest**

Youngblood argues that without the benefit of the affidavit, the State failed to present sufficient evidence to demonstrate that the motorcycle is contraband subject to forfeiture under chapter 59. More specifically, he argues that the State failed to present sufficient evidence supporting an underlying felony as a requisite to classify the motorcycle as contraband—namely, by failing to present evidence supporting an evading-arrest claim or a felony drug offense.

"Contraband" is subject to forfeiture. Tex. Code Crim. Proc. Ann. art. 59.02(a). Property is contraband if used in the commission of certain offenses, including felony-level evading arrest and any felony under chapter 481 of the Texas Health and Safety Code (the Texas Controlled Substances Act). *Id.* art. 59.01(2)(A)(ii), (B)(i). A final conviction for an underlying offense "is not a requirement for forfeiture." *Id.* art. 59.05(d).[5]

Despite forfeiture itself being justified by certain criminal acts, forfeiture proceedings are civil in nature. *See id.* art. 59.05(a). Unlike criminal cases in which the State must prove guilt beyond a reasonable doubt, the State must instead prove only "by a preponderance of the evidence that property is subject to forfeiture." *Id.* art. 59.05(b).

---

[5]The 85th Texas Legislature declined to enact proposed changes to the law that would have done away with civil forfeitures and that would have required an underlying criminal conviction before property could be seized. *See* Tex. S.B. 380, 85th Leg., R.S. (2017).

Felony-level evading arrest occurs when a person intentionally flees from a police officer while using a vehicle. Tex. Penal Code Ann. § 38.04(a), (b)(2) (West 2016); *see Adetomiwa v. State*, 421 S.W.3d 922, 927 (Tex. App.—Fort Worth 2014, no pet.). The State presented sufficient evidence to support forfeiture under the theory that Youngblood used the motorcycle in attempting to evade arrest. Batchelor testified that when he pulled up behind Youngblood and activated his emergency lights and sirens, Youngblood responded by accelerating to fifty miles per hour in a thirty-mile-per-hour residential zone and by waving at Batchelor to follow or to pass him, evidence that Youngblood was aware of Batchelor's presence. At trial, Youngblood admitted to not immediately pulling over when he was aware of Batchelor's attempt to detain him. And although Youngblood was not charged with or convicted of evading arrest, conviction is not required for forfeiture under chapter 59. Tex. Code Crim. Proc. Ann. art. 59.05(d).

Moreover, the fact that Youngblood denied evading arrest does not change the analysis, for in a legal-sufficiency challenge we must disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix*, 228 S.W.3d at 651. The record contains sufficient circumstantial evidence supporting a finding that Youngblood was attempting to evade arrest while riding a motorcycle. *See Russell*, 865 S.W.2d at 933; *see also Griego v. State*, 345 S.W.3d 742, 751 (Tex. App.—Amarillo 2011, no pet.) (holding that a defendant's speed and the duration of the pursuit may show a defendant's intent

10

to evade arrest); *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.) (explaining that "anything less than prompt compliance with an officer's direction to stop" may constitute evading arrest).

Youngblood glosses over the evidence concerning the evading-arrest ground for forfeiture by merely stating that "[t]he evasion of arrest claim was not raised on appeal and should not be a basis for forfeiture." But we must affirm the trial court's judgment "if it can be upheld on any legal theory that finds support in the evidence." *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984). We conclude that the evidence is sufficient to support the motorcycle's forfeiture as contraband on the basis that Youngblood used the motorcycle to evade arrest.

**Controlled substance**

Youngblood also contends that the State failed to present enough evidence to support forfeiture based on a violation of the Texas Controlled Substances Act. His more precise theory is that the State failed to show a nexus between his alleged possession of an illegal substance and the property (the motorcycle) subject to forfeiture.

The Texas Controlled Substances Act makes knowing or intentional possession of methamphetamine a felony offense. Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a) (West 2017). Possession of one to four grams of methamphetamine is a third-degree felony. Tex. Health & Safety Code Ann. § 481.115(c).

11

To prove that property is contraband under chapter 59, the State must establish a substantial nexus or connection between the property to be forfeited and some statutorily defined criminal activity. *1996 Cadillac v. State*, No. 02-07-00017-CV, 2008 WL 163552, at *4 (Tex. App.—Fort Worth Jan. 17, 2008, no pet.) (mem. op.) (*citing State v. $11,014.00*, 820 S.W.2d 783, 785 (Tex. 1991)). Youngblood contends that the substantial nexus requirement is not satisfied here because there was "no testimony . . . that he was using the motorcycle as part of a drug transaction." But the State may establish the required nexus by showing that a driver of a vehicle was in mere possession of a felony weight of a controlled substance. *2009 Black Infiniti G3S v. State*, No. 02-14-00342-CV, 2016 WL 4538553, at *3 (Tex. App.—Fort Worth Aug. 31, 2016, no pet.) (mem. op.) (collecting cases); *State v. One 1992 Ford Explorer*, No. 05-97-01023-CV, 2000 WL 225628, at *2 (Tex. App.—Dallas Feb. 29, 2000, pet. denied) (not designated for publication). That is, the State did not have to prove that the motorcycle was used for both a drug transaction and possession of a controlled substance—mere possession was sufficient. *See 2009 Black Infiniti G3S*, 2016 WL 4538553, at *3.

**Conclusion regarding evidentiary sufficiency**

In sum, the State produced legally sufficient evidence to justify forfeiture of the motorcycle as contraband on grounds that Youngblood committed felony evading arrest or that he committed a felony drug offense. *See* Tex. Code Crim.

12

Proc. Ann. arts. 59.01(2)(A)(ii), (B)(i), .02(a), .05(b); *Ford Motor Co.*, 444 S.W.3d at 620. We overrule Youngblood's first issue.

**The Excessive Fines Clause of the Eighth Amendment**

In his second issue, Youngblood contends that the trial court violated the Excessive Fines Clause of the Eighth Amendment of the United States Constitution. *See* U.S. Const. amend. VIII. The State replies that (1) the Excessive Fines Clause does not apply to civil-forfeiture proceedings under chapter 59; (2) even if the Clause does apply, Youngblood failed to preserve the issue for appellate review; and (3) even if the Clause applied and Youngblood did preserve the issue, the forfeiture of the motorcycle was not unconstitutionally excessive.

As a general rule, a constitutional claim must have been asserted in the trial court to be raised on appeal. *See* Tex. R. App. P. 33.1(a); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (citing *Wood v. Wood*, 320 S.W.2d 807, 813 (Tex. 1959)); *Walker v. Emps. Retirement Sys.*, 753 S.W.2d 796, 798 (Tex. App.—Austin 1988, writ denied) ("A constitutional challenge not raised properly in the trial court is waived on appeal."). This rule extends to the Excessive Fines Clause of the Eighth Amendment in civil proceedings. *See Romero v. State*, 927 S.W.2d 632, 634 n.2 (Tex. 1996) (refusing to consider whether a civil forfeiture violated the Excessive Fines Clause because the issue was not preserved); *White Lion Holdings, L.L.C. v. State*, No. 01-14-00104-CV, 2015 WL 5626564, at *4 (Tex. App.—Houston [1st Dist.] Sept. 24, 2015, pet.

13

filed) (mem. op. on reh'g) ("Both due-process and excessive-fines arguments can be waived. By failing to preserve these arguments, White Lion has waived them." (footnote omitted)); *see also Sample v. State*, 405 S.W.3d 295, 304 (Tex. App.—Fort Worth 2013, pet. ref'd) (holding that an appellant in a criminal appeal had failed to preserve an Eighth Amendment claim by not raising it in the trial court).

Youngblood raised the Excessive Fines issue for the first time in his appellate brief. By failing to raise an Eighth Amendment claim in the trial court, he failed to preserve error, thereby waiving the issue. We overrule Youngblood's second issue.

## Conclusion

Having overruled both of Youngblood's issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL: SUDDERTH, C.J.; GABRIEL and KERR, JJ.

DELIVERED: October 26, 2017

14