## SOUTHERN UNDERWRITERS v. JORDAN.

### No. 10428.

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1938.

Battaile & Burr, of Houston, for plaintiff in error.

S. D. Stennis, of Pampa, for defendant in error.

MURRAY, Justice.

This is a workmen's compensation insurance case. E. A. Jordan is the injured employee, L. H. Hester and Company, the employer, and Southern Underwriters, the insurance carrier.

Defendant in error, E. A. Jordan, while engaged as a top hand rig builder, was struck by an angle iron and thrown from the rig. As a result of the blow his head was crushed.

He alleges in his petition that his employer had notice of the injury, that in due time he filed a claim for compensation with the State Industrial Accident Board, the making of an award by the Board, the giving of notice of intention not to abide by the award of the Board, and the timely filing of a suit to set aside the award.

The trial was to a jury and upon favorable findings judgment was entered for appellee for the maximum amount allowed by law. From this judgment the insurance carrier has appealed.

■ The average daily wage of Jordan was fixed, under subdivision 3 of § 1, Art. 8309, R.C.S.1925, Vernon's Ann.Civ.St. art. 8309, § 1, first subd. 3. Plaintiff in error, The Southern Underwriters, contends that the proof did not justify this action, and that therefore the judgment must be reversed. Its exact contention being that there is not sufficient evidence to show that some other employee had not worked in the same or in a similar employment during substantially the whole of the year preceding the injury. We are of the opinion the evidence was sufficient to justify such a finding, but, regardless of this, plaintiff in error has not shown that it was injured by such a finding. The evidence is undisputed that top hand rig builders receive $12 per day, for each day they work. If any employee should have worked for substantially a year at $12 per day, he would have earned at least $3,600. Such a yearly salary would have justified fixing Jordan's weekly compensation at $20 per week. It therefore becomes plain that whether the weekly wage was fixed under subdivision two or three, the result would have been the same. Plaintiff in error has shown no injury.

■ Mr. Lawler, in his estimable work on Texas Workmen's Compensation Law, at Paragraph 152, page 312, in connection with the discussion of the three different methods of establishing wage rate, has this to say: "In reference to the proper use of all three methods the normal rules of appellate practice apply, and if the error has not harmed the appealing party the case will not be sent back merely because the improper method of computation was used."

■ Plaintiff in error next contends that the trial court was without jurisdiction to try this cause as the proof fails to show that defendant in error filed a claim for compensation for an amount within the jurisdiction of the district court of Nueces County. We overrule this contention. At one time this matter presented a rather serious question; see Ætna Casualty & Surety Co. v. Jee Ware, Tex.Civ.App., 113 S.W.2d 981, and Commercial Standard Ins. Co. v. Robinson, Tex.Civ.App., 91 S.W.2d 1147. However, since the Acts of 1937, 45th Leg. p. 535, Ch. 261, § 2, now shown as Art. 8307b, Vernon's Ann.Civ.St., became effective, all jurisdictional facts with reference to matters occurring before the Industrial Accident Board are to be presumed, unless they are denied by verified pleadings of the defendant. In this case plaintiff in error did not file a verified answer denying the existence of the jurisdictional fact which it here contends was not established by the evidence. See Ins. Co. v. Porter, —— S.W.2d ——,[1] decided by this Court November 2, 1938, not yet reported. It therefore follows that the jurisdictional facts complained of will be presumed to have existed as alleged in Jordan's petition.

The judgment is affirmed.

---

[1] Not released by court at date of publication.