## SOUTHERN UNDERWRITERS v. TULLOS.

No. 10391.

Court of Civil Appeals of Texas. San Antonio.

June 21, 1939.

Rehearing Denied July 26, 1939.

Battaile, Burr & Holliday, of Houston, for plaintiff in error.

John H. Miller and J. C. Houts, both of Sinton, for defendant in error.

SLATTON, Justice.

This is a workmen's compensation case tried in the County Court of San Patricio County, in which E. E. Tullos recovered a judgment against the Southern Underwriters in the amount of $200. The Insurance Company brings the case to this Court by writ of error.

The Insurance Company complains of the action of the trial court in refusing its motion for a directed verdict, because, under the evidence, the injury occurred on the 28th day of June, 1936, the claimant filing his claim for compensation on the first day of March, 1937, and offered no evidence to show good cause for not filing such claim with the board within the statutory period and up to the date of filing said claim.

It is also contended by the Company that the trial court should have granted its motion for judgment notwithstanding the verdict, because there was no finding by the jury that good cause existed during the time of the belated filing of said claim with the Industrial Accident Board to excuse Tullos of the late filing of his claim.

Tullos by his trial pleading alleged facts to excuse his failure to file his claim with the board until March 1, 1937, which were claimed to show good cause for not filing said claim. The Insurance Company did not except to the sufficiency of such pleading, neither did it traverse the same by a sworn plea. Therefore, we may assume that Tullos efficiently pleaded "good cause" in order to excuse himself for the belated filing of his claim.

Article 8307b, Vernon's Ann.Civ.St., provides in part:

"In the trial of any case appealed to the court from the board the following, if plead, shall be presumed to be true as plead and have been done and filed in legal time and manner, unless denied by verified pleadings:

" (1) Notice of injury;

" (2) Claim for compensation;

" (3) Award of the board;

" (4) Notice of intention not to abide by the award of the board;

" (5) Filing of suit to set aside the award. * * *"

█ If the pleading of Tullos showed good cause for not filing the claim with the board, which we have assumed, because not challenged by the Company, then no proof was necessary to be adduced upon the trial if the above quoted statute is applicable for the reason, as we have stated, that the Insurance Company did not deny such allegations under oath.

Giving the Article of the Statute the construction which the courts have given to other portions of the Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.), it appears that the Legislature intended to simplify the procedure by obviating the necessity of making proof upon matters about which no real controversy exists.

A claim for compensation which is filed within six months of the date of the injury must be considered to be "filed in legal time and·manner," under the provisions of the Act. Art. 8307, § 4a, and authority infra.

A claim for compensation which is filed after the six months' statutory period, together with a showing of good cause to excuse the late filing of the claim, must be considered "filed in legal time and manner" under the provisions of the Act, just the same as if filed within the statutory period. Article of the Statute, supra.

█ Under the provisions of the Compensation Act, and the decisions of the court construing the same, a claim filed with the board under either of the conditions mentioned has been held "filed in legal time and manner." See cases in Vernon's annotations of the Act. Therefore, it is our opinion that by the passage of the quoted statute it was the intention of the Legislature to simplify the trial of compensation cases, to the end that jurisdictional matters under the Act would be presumed to be true as pleaded, unless such pleaded facts were traversed by a denial under oath, thereby eliminating such matters from the trial, unless there was a bona fide controversy regarding them.

█ Upon a similar question, Mr. Justice Murray, speaking for this Court, in the case of Southern Underwriters v. Jordan, Tex.Civ.App., 122 S.W.2d 260, 261, said: "All jurisdictional facts with reference to matters occurring before the Industrial Accident Board are to be presumed, unless they are denied by verified pleadings of the defendant."

Speaking with reference to the statute quoted, upon a similar question, Mr. Chief Justice Smith, in the case of Traders & General Insurance Company · v. Porter, Tex.Civ.App., 124 S.W.2d 900, 902, writ · refused, said: "We hold that the allegations of the stated jurisdictional prerequisites [filing claim for compensation with the board], in appellee's petition, were sufficient, in the absence of special exceptions, and appellant effectually admitted the truth of them by failing to deny them by verified pleadings, as required in the quoted statute."

We are of the opinion that, plaintiff in error having failed to deny the existence of "good cause" under oath, as pleaded by defendant in error, the same must be presumed to be true. Hence there was no necessity of offering proof of such facts.

This being true, the trial court correctly overruled plaintiff in error's motions for directed verdict and for judgment.

The judgment of the trial court is affirmed.