THE SOUTHERN UNDERWRITERS V. E. E. TULOS.

No. 7645. Decided May 28, 1941.
(151 S. W., 2d Series, 789.)

*Battaile & Burr,* of Houston, for plaintiff in error.

Article 8307b does not require a sworn denial on the part of the defendant of the allegations of plaintiff's reasons for good cause in not filing his application for workmen's compensation within the time prescribed by the statutes, and it was error for the Court of Civil Appeals to hold that it does. Ormsby v.

Ratcliff 117 Texas 242, 1 S. W. (2d) 1084; New Amsterdam Casualty Co. v. Keller, 62 S. W. (2d) 637; Maryland Casualty Co. v. Johnson, 87 S. W. (2d) 342.

*John H. Miller* and *J. C. Houts,* of Sinton, for defendant in error.

Cited cases used in the opinion.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a workmen's compensation case. The injured employee alleged, among other things, that the injury of which he complained occured on June 28, 1936, and that he did not file his claim for compensation with the Industrial Accident Board until March 1, 1937, which was not within the six months' period provided for in the statute. However, he did allege facts which, if true, showed a meritorious cause for not filing his claim sooner and presented good cause for waiving the provisions of the statute requiring such claim to be filed within such six months' period. Revised Statutes, Art. 8307, sec. 4a. The insurance carrier did not direct any special exception to the pleading, nor otherwise challenge its sufficiency; neither did it file a sworn denial of any of the allegations contained in the employee's pleadings. The employee offered no proof to sustain his allegations of good cause for not filing his claim within six months after the injury, and for this reason the insurance company contends that the trial court erred in failing to instruct a verdict in its favor. This contention was overruled by both the trial court and the Court of Civil Appeals. 131 S. W. (2d) 102.

Acts 1937, 45th Leg., p. 535, ch. 261, sec. 2 (Rev. Stat. Art. 8307b) provide as follows:

"In the trial of any case appealed to the court from the board the following, if plead, shall be presumed to be true as plead and have been done and filed in legal time and manner, unless denied by verified pleadings:

"(1) Notice of injury;
"(2) Claim for compensation;
"(3) Award of the board;
"(4) Notice of intention not to abide by the award of the board;
"(5) Filing of suit to set aside the ward.

"Such denial may be made in original or amended pleadings; but if amended pleadings such must be filed not less than seven

days before the case proceeds to trial. In case of such denial the things so denied shall not be presumed to be true, and if essential to the case of the party alleging them must be proved."

The above statute in plain language provides that if it is alleged by the injured employee that a claim for compensation was filed, such allegation "shall be presumed to be true as plead," and it shall be presumed to "have been done and filed in legal time and manner, unless denied by verified pleadings." We are of the opinion that the statute applies with equal force to allegations showing good cause for a late filing of a claim as it does to an allegation that the claim was filed within the statutory six months' period. In other words, although a claim is not filed within the six months' period, yet if a meritorious excuse is given and good cause is shown for not filing it at an earlier date, it is, in law, filed in time. If the facts alleged with reference to the filing of the claim are sufficient, if believed by the jury, to support a finding of good cause for not filing it sooner, and the insurance company does not, under oath, deny the existence of good cause for the late filing of the claim, then the facts so alleged are considered as true and it will be conclusively presumed that the claim was filed in time. In such a case the insurance company can meet the requirements of the statute either by denying, under oath, the existence of good cause for not filing the claim within the six months' period, or by denying, under oath, the truth of the facts pleaded by the employee as constituting good cause for the delay. We are not here confronted with a case in which the employee's petition failed to allege facts sufficient to justify a late filing of the claim. Here, if the facts alleged are true, the jury could have found that the claim was filed within proper time. Since the insurance company filed no sworn denial, the allegations of the employee's petition must be accepted as true. Consequently there was no need for the injured employee to prove the truth of his allegations, nor to secure a finding of the jury thereon. Southern Underwriters v. Jordan, 122 S. W. (2d) 260, 261; Traders & General Insurance Co. v. Porter, 124 S. W. (2d) 900, 902 (writ refused); Texas Indemnity Co. v. Briggs, 128 S. W. (2d) 861 (writ dismissed).

The purpose of the above statute is a wholesome one. It is intended to avoid the necessity of consuming the time of the court in the trial of matters about which there is no good faith contest, so that the court may concentrate its efforts in the solution of the really contested issues. It works no in-

justice to the insurance company, for it can invoke a trial of any of the matters mentioned in the statute by merely complying with the terms thereof.

The judgments of the trial court and of the Court of Civil Appeals are affirmed.

Opinion delivered May 28, 1941.