**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

**v.**

**John C. BROCKMAN, Appellee.**

**No. 3180.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 4, 1955.

Rehearing Denied Nov. 25, 1955.

Nelson & Sherrod, Stayton M. Bonner, Wichita Falls, Burford, Ryburn, Hincks & Ford, Dallas, for appellant.

Peery, Wilson & Spell, Wichita Falls, Hinson & Neal, Graham, for appellee.

818

**GRISSOM, Chief Justice.**

In a Workmen's Compensation case, the claimant, John C. Brockman, obtained a judgment against his employer's insurance carrier and that company has appealed.

Its first point is that the court erred in refusing permission to file defendant's first amended answer in which the company for the first time denied under oath that claimant filed his claim for compensation within six months after his injury or that he had good cause for failing to timely file his claim. Texas Rule of Civil Procedure 93 requires that such an amendment "must be filed not less than seven days before the case proceeds to trial." The company's answer was presented for filing six days before the case proceeded to trial. Plaintiff's counsel received a copy thereof seven days before the case went to trial.

■ Defendant contends it had a right to rely on Rules 5, 63, 66 and 67 and that R.C.P. 93, construed in connection therewith, authorized the filing of its amended answer because it did not operate as a surprise to plaintiff for the reason that a copy was furnished plaintiff seven days before the trial, and that R.C.P. 93 is not mandatory. Rule 93(n) provides that in appeals from the Industrial Accident Board if the claimant has alleged he filed his claim in time or has good cause for not doing so, said allegations shall be presumed to be true unless denied under oath. R.C.P. 93(n) provides that, if such a denial is contained in an amended pleading, it "must be filed not less than seven days before the case proceeds to trial." We disagree with appellant's contention that the question is controlled by the other rules cited, particularly R.C.P. 63, which provides that leave to file amended pleadings shall be granted unless there is a showing that the amendment will operate as a surprise to the opposite party. They are general rules. R.C.P. 93 is a specific rule applicable to the question here presented and controlling. The company says that although the statute relative to said matter may have been mandatory R.C. P. 93 is not.

■■ In Southern Underwriters v. Tullos, 136 Tex. 408, 151 S.W.2d 789, our Supreme Court said the statutory rule providing that the employee's allegation that his claim was timely filed or that good cause existed for failure to timely file should be presumed to be true unless denied under oath was mandatory and that its purpose was to avoid the necessity of consuming the time of the court in trying matters about which there was no good faith contest. See also Traders & General Ins. Co. v. Porter, Tex.Civ.App., 124 S.W.2d 900, 902 (Writ Ref.). It has been held that our Supreme Court in establishing rule of procedure exercised legislative power and that the principal governing ascertainment of the court's intention were the same as those applicable to statutes. Texas Employers Ins. Ass'n v. Warren, Tex.Civ.App., 149 S.W.2d 182, 183 (Writ Ref.), and Bedner v. Federal Underwriters Exchange, Tex.Civ.App., 133 S.W. 2d 214, 216. We think no change in meaning was intended by the Supreme Court when it placed in the rules the former statutes after it had been judicially determined that the statutory provisions were mandatory. It is presumed that the court adopted said statutes with the construction that they were mandatory. R.C.P. 820 provides that all provisions of the Workmen's Compensation Law, Title 130, R.S.1925 (which includes Article 8307b requiring that such denials be filed not less than seven days before the case proceeds to trial), relative to procedure are adopted and retained in force and effect as rules of the court. In this connection see also LeBeau v. Highway Ins. Underwriters, 143 Tex. 589, 187 S.W.2d 73, 75; Perez v. Consolidated Underwriters, Tex.Civ.App., 206 S.W.2d 162, 163 (RN RE); Continental Fire & Cas. Ins. Corp. v. Snow, Tex.Civ.App., 213 S.W.2d 720, 721; National Auto & Cas. Ins. Co. v. Layman, Tex.Civ.App., 248 S.W.2d 993, 1000 (RNRE).

■ The insurer, having failed to deny said allegations of the employee by an

amended pleading filed not less than seven days before the trial, waived its right to assert said defense and said allegations were conclusively presumed to be true. Appellant's first point is overruled.

We overrule appellant's fourth point asserting error in overruling its application for a continuance. Diligence was not shown. Texas Indem. Ins. Co. v. Harlan, Tex.Civ.App., 236 S.W.2d 564, 566 (Writ Dis.); R.C.P. 186, 189; Fritsch v. J. M. English Truck Line, Inc., 151 Tex. 168, 246 S.W.2d 856, 859; Texas Employers' Ins. Ass'n v. Howard, Tex.Civ.App., 61 S.W.2d 132, 133. We overrule point five wherein appellant contends the court erred in overruling its motion for a new trial on the ground that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong.

Appellant's second and third points complain of the amount found as claimant's average weekly wage. By supplemental brief, appellee admits error and says the judgment should have been as follows: For (1) accrued compensation of $1,412.36 for 68 weeks temporary total incapacity; (2) accrued compensation for partial disability for 10 weekly payments at $13.50 per week from August 25, 1954 to November 3, 1954, the date of the trial court's judgment; (3) total accrued compensation at rendition of judgment in the trial court, $1,547.36; (4) $13.50 per week for a period of 290 weeks thereafter, first payment beginning November 10, 1954. Appellant accepts said conclusion and says that the award to appellee should have been in accord therewith.

Therefore, the judgment is reformed in accordance with said calculations and, as so reformed, is affirmed. Costs of appeal are taxed against appellee.

Reformed and affirmed.