The **TRAVELERS INSURANCE COMPANY,**
**Appellant,**

v.

Ben **SEALE,** Appellee.

No. 7241.

Court of Civil Appeals of Texas.

Amarillo.

March 25, 1963.

Rehearing Denied April 15, 1963.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant

Merchant, Fitzjarrald, Poole & Merchant, Amarillo, for appellee.

DENTON, Chief Justice.

This is a workman's compensation case. The suit was brought by appellee, Ben Seale, seeking to set aside an award of the Industrial Accident Board. Appellee alleged that during the time he was employed by Taylor-Evans Seed Company, Inc. of Tulia, Texas, he suffered an occupational disease by coming in contact with and being exposed to inhaling certain named chemicals; that as a result of inhaling the named chemicals he injured his lungs and internal portions of his body, thereby causing a deterioration of those organs. Appellee further alleged in the alternative that he suffered an accidental injury on March 19, 1960, when he inhaled a large quantity of one or more chemicals previously alleged. Appellant's answer consisted of general and special denials.

The trial was to a jury, and in answer to the special issues submitted the jury found Seale sustained an accidental injury on the date alleged, and that such injury was total and permanent. No special issues were submitted on the question of occupational disease. At the conclusion of the evidence, the appellant insurer filed a motion for instructed verdict. This motion alleged the trial court was without jurisdiction to hear the case for the reason there was a material variance between the claim presented to the Industrial Accident Board and the claimant's claim asserted in the trial and established by proof on the trial. This plea to the jurisdiction was again asserted in appellant's objections to the court's charge and in its motion for judgment non obstante veredicto. These motions and objections were overruled and the trial court entered judgment for the claimant in accordance with the jury verdict.

Appellant contends the trial court did not have jurisdiction to submit the issue of accidental injury; and the jury's affirmative answer to this issue will not support the

trial court's judgment because of a fatal variance between the claim submitted to the Board and the cause of action submitted to the jury. Appellee takes the position that even should it be found there was a fatal variance between the two asserted claims, appellant waived its right to file its plea to the jurisdiction after the trial had progressed to the close of the testimony.

■■■ Appellee's claim before the Board was obviously based on an occupational disease. It is clear all parties, including the Board, treated it as such. After a claim has been filed with and acted upon by the Industrial Accident Board another and different claim cannot be asserted in the district court. Hartford Accident & Indemnity Co. v. Choate, 126 Tex. 368, 89 S.W. 2d 205, (Opinion Adopted.) Stratton v. Gulf Cas. Co., (Tex.Civ.App.), 53 S.W.2d 518. After proper notice and timely appeal from the Board's award, appellee's trial petition alleged an occupational disease, and in the alternative, an accidental injury. It is well settled an accidental injury is distinguished from an occupational disease. Under our workmen's compensation law they are two separate and distinct injuries. Barron v. Texas Employers' Ins. Ass'n., (Tex.Com.App.), 36 S.W.2d 464. Rudd v. Gulf Cas. Co., (Tex.Civ.App.), 257 S.W. 2d 809. American Surety Co. of New York v. Ritchie, (Tex.Civ.App.), 182 S.W.2d 501. Appellee violated the general rule above announced when he elected to submit the issue of accidental injury to the jury. Having concluded that there is an obvious material variance between the claim submitted to the Board and the claim asserted in the district court, we are confronted with the primary question of whether or not appellant's insurance carrier waived its right to file its plea to the jurisdiction.

■■■ Appellee contends appellant waived the plea to the jurisdiction when it failed to deny appellee's pleadings by verified pleadings as required by Article 8307b, Vernon's Ann.Civ.St. See also Rule 93(n), Texas Rules of Civil Procedure. In our opinion this statute and rule do not support appellee's position. This statute and rule provide that certain allegations of a claimant in a workmen's compensation case is presumed to be true unless denied by verified pleadings. One of the matters included in the statute and rule pertains to the claimant's pleading of his "claim for compensation", but this pleading has to do with the time and manner of filing the claim with the Board. The purpose of this statute was explained by the late Chief Justice Alexander in Southern Underwriters v. Tullos, 136 Tex. 408, 151 S.W.2d 789, in the following language: "The purpose of the above statute (Article 8307(b) ) is a wholesome one. It is intended to avoid the necessity of consuming the time of the court in the trial of matters about which there is no good faith contest, so that the court may concentrate its efforts in the solution of the really contested issues." The question of a material variance between the claim submitted to the Board and the claim asserted on appeal in the district court is not a matter that is governed by the statutes and rules relied on by appellee. Article 8307b and Rule 93(n) pertain to certain procedural matters which must be taken in order to give the district court jurisdiction of the compensation claim upon its being appealed from an award of the Industrial Accident Board. A material variance such as appears in this case is not such a matter contemplated by this rule and statute

Having determined that the provisions of Article 8307b and Rule 93(n) have no application to the case at bar, we conclude the insurance carrier did not waive its right to file its plea to the jurisdiction by its failure to deny the claimant's allegations by verified pleadings. Although the question of waiver was not specifically raised on appeal in Solomon v. Mass. Bonding & Ins. Co., (Tex.Civ.App), 347 S.W.2d 17, (Writ Refused.), we think that case's holding is controlling here. The facts of that case and the case at bar are very similar. The claim submitted to the Board there was for injuries sustained as a result of an accidental

**688**

injury. On appeal the claimant sought to set aside an award of the Board alleging he suffered an accidental injury on January 1, 1954, while spraying exterminating chemicals under a house. The claimant further alleged in the alternative that during the period from 1953 until June of 1956 he sustained an occupational disease while performing the same type of work for the same company. At the close of the plaintiff's evidence, the insurance carrier filed its plea to the jurisdiction of the court on the primary ground that there was a material fatal variance between the claim made before the Board and the cause of action sued on in the trial court. The trial court sustained this plea and the trial court's action was affirmed on appeal. Instead of contending the insurance carrier should have complied with Article 8307b and Rule 93(n) by filing verified pleadings, the claimant in the Solomon case contended the variance, if one existed, should have been pointed out by exceptions to the pleadings. This contention was rejected by the Court of Civil Appeals. We, therefore, conclude the trial court erred in overruling appellant's plea to the jurisdiction for the reason there was a fatal variance between the claim made before the Board and the cause of action submitted in the trial court.

Appellee urges that if the trial court's judgment is found to be erroneous, the case should be remanded rather than rendered. We are convinced this is the disposition we should make of the case. The case was submitted to the jury upon an erroneous theory, to-wit: Issues were submitted on accidental injury rather than on occupational disease. It is also our opinion that justice demands another trial. It is not seriously questioned that Seale was injured in the course of his employment, and that his injury was diagnosed as pneumonitis or chest infection. The extent of such injury is not before us. It is undisputed he had worked for the same employer for a period of several years, and this employment required him to work in and around the dust and chemicals used in treating seed. Testi-

mony concerning an accidental injury and an occupational disease may be very similar in many instances. There was medical testimony in the record that tends to support the occupational disease allegations. Since the case was submitted on an erroneous theory and in order that justice may be done, the judgment will be reversed and the cause remanded for a new trial. Rule 434, T.R. C.P. Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792. Texas Employers' Ins. Ass'n v. Mahlow, (Tex.Civ.App.), 304 S.W.2d 161.

For reasons stated, the judgment of the trial court is reversed and the cause is remanded for another trial.

Reversed and remanded.