**TRANSPORT INSURANCE COMPANY, Appellant,**

v.

**M. C. REID, Appellee.**

No. 83.

Court of Civil Appeals of Texas. Tyler.

Nov. 12, 1964.

Rehearing Denied Dec. 3, 1964.

Herbert Boyland, Kenley, Ritter & Boyland, Longview, for appellant.

Franklin Jones, Jr., Jones, Jones & Baldwin, Marshall, Ben Johnson, Johnson, Hathaway & Jackson, Tyler, for appellee.

SELLERS, Justice.

This is a compensation case in which M. C. Reid was plaintiff in the trial court and Transport Insurance Company was defendant. From a verdict and judgment for plaintiff for compensation at the rate of $35.00 per week for 104 weeks temporary total disability and 297 weeks permanent partial disability, the defendant has duly prosecuted this appeal.

The appellant by several assignments of error complains of argument of appellee's counsel as being improper and calculated to and did wring from the jury an improper verdict. No objection was made to the argument at the time the same was made and no request of the trial court to instruct the jury not to consider the same. The point is raised for the first time after the jury had retired to consider their verdict, and appellant moved the court to grant a new trial because of such argument which was overruled by the court.

We deem it sufficient to say that we have reviewed the argument complained of, as well as the argument of appellant's attorney, and are of the opinion that the assignments must be overruled on two grounds: First, appellee's argument was invited by the argument of the appellant's attorney. Travelers Insurance Company v. Pierce, Tex.Civ.App., 358 S.W.2d 947. Second, any error in the argument complained of could have been cured by a timely objection to the court when the argument was made, which was not done, and therefore any error therein was waived. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054.

The appellant assigned error that the answers to Issues Nos. 7 and 12 submitted to the jury are not supported by the evidence and are against the great weight and preponderance of the evidence. We cannot agree that the evidence is insufficient, and we will not undertake to set out the evidence here but deem it sufficient to say that the evidence alone of the appellee and Dr. King, who operated on the appellee, is sufficient to support the answers given by the jury to said issues. We are of the opinion the above holding is supported by the following authorities: Western Casualty & Surety Co. v. Mueller, Tex.Civ.App., 169 S.W.2d 223; Texas Employers Ins. Ass'n v. Reed, Tex.Civ.App., 150 S.W.2d 858.

From the Mueller case we quote:

"The burden of appellant's complaint is that no medical doctor, testifying as an expert, stated that, in his opinion, appellee had suffered a certain percentage of disability. The percentage of disability resulting from an injury is at best an estimate which must be determined by a jury from all the pertinent facts before it, i. e., the nature of the injury, the testimony of the injured party as to its effect upon his ability to work, expert medical testimony, etc. We make no attempt to detail the various species or kinds of evidence which may be pertinent to the issue. It is not, however, necessary to the validity of a finding of partial disability that there be contained in the record of the evidence an estimate of an expert medical witness as to the percentage of disability. We hold that the jury's answer to Special Issue No. 10 has support in the evidence."

██ Appellant's fifth point of error is as follows:

"THE TRIAL COURT ERRED IN REFUSING DEFENDANT'S REQUEST TO FILE A TRIAL AMENDMENT DENYING PLAINTIFF HAD GOOD CAUSE FOR FAILING TO FILE HIS CLAIM WITH THE INDUSTRIAL ACCIDENT BOARD WITHIN SIX MONTHS FROM FEBRUARY 12, 1962, AFTER ALLOWING PLAINTIFF TO AMEND HIS PETITION WHEREIN HE ALLEGED, FOR THE FIRST TIME AND AFTER THE TRIAL HAD COMMENCED, AN INJURY ON FEBRUARY 12, 1962."

Subdivision (n) of Rule 93, Texas Rules of Civil Procedure, provides:

"(n) In the trial of any case appealed to the court from the Industrial Accident Board the following, if pleaded, shall be presumed to be true as pleaded and have been done and filed in legal time and manner, unless denied by verified pleadings:

"(1) Notice of injury.

" * * *

"(7) That there was good cause for not filing claim with the Industrial Accident Board within the six months' period provided by statute.

" * * *

"Any such denial may be made in original or amended pleadings; but if in amended pleadings the same must be filed not less than seven days before the case proceeds to trial. In case of such denial the things so denied shall not be presumed to be true, and if essential to the case of the party alleging them, must be proved."

This rule has been held to be mandatory in the case of Texas Employers' Insurance Association v. Brockman, Tex.Civ.App., 283 S.W.2d 817, where the Court said:

"In Southern Underwriters v. Tullos, 136 Tex. 408, 151 S.W.2d 789, our Supreme Court said the statutory rule providing that the employee's allegation that his claim was timely filed or that good cause existed for failure to timely file should be presumed to be true unless denied under oath was mandatory and that its purpose was to avoid the necessity of consuming the time of the court in trying matters about which there was no good faith contest. See also Traders & General Ins. Co. v. Porter, Tex.Civ.App., 124 S.W.2d 900, 902 (Writ Ref.). * * *

"The insurer, having failed to deny said allegations of the employee by an amended pleading filed not less than seven days before the trial, waived its right to assert said defense and said allegations were conclusively presumed to be true. Appellant's first point is overruled."

It is the contention of the appellant that, after the court allowed the appellee to amend his pleadings by changing the date of the injury from February 14 to February 12, which was done by appellee interlining the change in his petition upon which he went to trial, the appellant then had the right to file his verified trial amendment requiring the appellee to make proof of his good cause for not filing his claim with the Industrial Accident Board within six months after the accident.

The change of the date of the injury required no new pleadings on the part of the appellant nor did it authorize the appellant to do by trial amendment that which the rule required to be filed in not less than seven days before the trial began.

Finding no error in the record, the judgment of the trial court is affirmed.