The STATE of Texas, Appellant,

v.

**J. W. BROOKS et al., Appellees.**

No. 4735.

Court of Civil Appeals of Texas.

Waco.

Sept. 19, 1968.

Rehearing Denied Oct. 10, 1968.

Crawford C. Martin, Atty. Gen., Austin, Woodrow Curtis, Asst. Atty. Gen., for appellant.

Hugh D. Reed, Jr., Fairfield, W. A. Keils, Jr., Teague, for appellees.

OPINION

McDONALD, Chief Justice.

This is a condemnation case wherein the State of Texas condemned an approximately 17-acre strip through the middle of a 160 acre tract belonging to the Brooks'. After the taking, a remainder of approximately 143 acres was left consisting of two tracts: one approximately 38 acres, and the other, approximately 105 acres. Trial to a jury resulted in a verdict of $3,770.10 for the land taken; a value of $32,229.90 of the remainder before the taking; and a value of $22,017.10 of the remainder, after the taking. The trial court rendered judgment on the verdict for defendants for $11,603.90 ($13,982.90 less $2379.00 deposited by the State after award by the Commissioners).

Plaintiff appeals on five points, contending:

1) Numerous prejudicial, harmful, abusive, inflammatory remarks and misstatements, made by counsel for defendants, prejudiced the rights of the State.

2) There is no evidence to support the jury answers of $22,017, as the value of the remainder after the taking.

 Plaintiff lists some 37 statements made by counsel for defendants, either during the trial, on voir dire examination of the jury panel, or from oral argument, which it contends were improper. Plaintiff contends these remarks, either individually or cumulatively, prejudiced the State's rights so that a new trial should be required.

While it is not feasible to detail all of the complained of statements, we have considered the record as a whole and have concluded that none present reversible error under Rule 434 Texas Rules of Civil Procedure. Some of the complained of statements were not objected to; some were objected to, and the trial court sustained objections; and some of the complained of jury argument was invited.

One matter complained of by plaintiff is the argument of one of defendants' counsel to the jury, wherein he told the jury: "Mr. Hemphill, I believe you bought testimony." The record reflects that one of the State's expert appraiser witnesses testified he was making a charge for his work and time in court. Mr. Hemphill, counsel for the State, in his prior argument, told the jury how much work the witness had done, and how he had qualified himself as an appraiser; and that his "fees sound high". He then argued to the jury: "* * are we buying testimony or are we paying fair prices for work?" Counsel for defendants thereafter argued to the jury: "Mr. Hemphill, I know you asked the jury one question there. 'Do you think when Mr. Watson was testifying we were buying testimony or if we were paying for service.' Mr. Hemphill, I believe you bought testimony."

The argument was invited, and cannot be attacked as improper and calculated to wring from the jury an improper verdict in such circumstances. Transport Ins. Co. v. Reid, Tex.Civ.App., (n. w. h.) 384 S.W. 2d 204.

 The jury found the remainder valued at $22,017.10 after the taking. Plaintiff contends the answer without support in the evidence, and that the evidence supports only a value of $20,530.00 after the taking.

We think the jury authorized to value the land after the taking as they did, but in any event the plaintiff is not in a position to complain of a smaller amount of damages found to the remainder than the jury could have found under the evidence. See Corpus Christi v. Nemec, Tex.Civ.App., n. w. h., 404 S.W.2d 834.

All of plaintiff's points and contentions are overruled. The judgment is correct.

Affirmed.