**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**Homer W. HENSON, Appellee.**

**No. 8105.**

Court of Civil Appeals of Texas, Beaumont.

June 22, 1978.

John P. Venzke, Houston, for appellant.

Richard P. Hogan, Houston, for appellee.

DIES, Chief Justice.

This is a workers' compensation case. Texas Employers' Insurance Association appeals from a judgment based on a jury finding that Homer Henson would be totally incapacitated from June 25, 1976, until July 7, 1982.

Henson was employed by Tekeede & Company as a carpenter on June 24, 1976, and alleged he suffered an accidental injury to his back on June 25, 1976. Texas Employers' Insurance Association (TEIA) contested the fact that Henson sustained an injury.

■ Appellant's (TEIA's) first point of error urges that the trial court erred in allowing Henson (appellee) to read from the Employer's First Report of Injury [Form E–1] filed by Henson's employer before the Industrial Accident Board because that document is made inadmissible by *Tex.Rev.Civ. Stat.Ann. art. 8309, § 5* (1967).

Appellee first attempted to introduce the entire E–1 report into evidence, but the trial court sustained appellant's objection. Appellee then read the following portion of the E–1 report into evidence:

" 'Describe and state what employee was doing when injured?'

ANSWER: 'Don't know when it happened and don't know nothing happened till Monday, June 28th. He called the job that day and said he hurt his back.         .

'He said he hurt his back when he picked up a 12 foot two by twelve up.' "

Appellee contends this only emphasized the admission by appellant that appellee reported his injury to his employer. We disagree. It implies that appellee was in fact injured and that the injury occurred within the scope of his employment, both vigorously contested by appellant.

In requiring the employer to file this report with the Industrial Accident Board, the Legislature realized an employer would be reluctant to disclose all the facts he had,

if the report could later be used as an admission to corroborate evidence of a disputed fact or facts. See *Liberty Mut. Ins. Co. v. Boggs*, 66 S.W.2d 787, 795 (Tex.Civ. App.—Eastland 1933, writ dism'd); *Maryland Casualty Co. v. Davis*, 181 S.W.2d 107 (Tex.Civ.App.—Galveston 1944, no writ); *Texas Employers Ins. Ass'n v. Shiflet*, 276 S.W.2d 942 (Tex.Civ.App.—Texarkana 1955, writ ref'd n. r. e.). This point is sustained.

Appellant has other points complaining of jury misconduct. Since it is unlikely these actions will occur at another trial, we do not address them, and they are overruled.

■ To prevent difficulty arising in a new trial, we do address appellant's second point.

Interrogatories of Dr. Frank Yelin, who had performed surgery on appellee for a previous injury, were offered. Dr. Yelin apparently misunderstood the questions propounded by appellee and answered concerning a 1975 back injury for which he treated the appellee instead of answering concerning the 1976 injury that is the subject of this action. Appellant attempted to introduce these interrogatories at trial in support of its defensive issue of sole producing cause, but appellee objected on the basis that the answers were unresponsive to the questions. The trial court sustained appellee's objection.

The objection that answers in a deposition are unresponsive to the question is an objection going to the manner and form of taking the deposition, and not to the actual substance of the answers. *Harris v. Nations*, 79 Tex. 409, 15 S.W. 262 (1891); *Harris v. Sadler*, 55 S.W.2d 173 (Tex.Civ.App.— Fort Worth 1932, writ dism'd); *Dillingham v. Currie*, 92 S.W.2d 1122 (Tex.Civ.App.— Amarillo 1936, writ dism'd). An objection to the manner and form of taking a deposition must be made in writing with notice to opposing counsel, if the deposition has been on file with the court for one day or more. *Tex.R.Civ.P. 212; Morgan v. Morgan*, 519 S.W.2d 276 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.). If such an objection is made for the first time at trial, the objection is untimely, and the defect is waived.

*Missouri Pac. Ry. Co. v. Smith*, 84 Tex. 348, 19 S.W. 509 (1892); *Bankers Multiple Line Ins. Co. v. Gordon*, 422 S.W.2d 244 (Tex.Civ. App. Houston [1st Dist.] 1967, no writ).

■ In its third point of error, appellant argues that the trial court erred in overruling appellant's objections to testimony by appellee regarding his willingness to submit to a medical examination, because such testimony is inadmissible pursuant to *Tex.R. Civ.P. 167a(c)*. The disputed testimony is as follows:

"Q. Did the insurance company ever ask you to be examined by any doctor they chose?

"A. No."

At this point the trial court sustained appellant's objection that such question and answer violated *Rule 167a(c)*. The following question and answer were then admitted over appellant's objection:

"Q. Have you ever refused to be examined by anybody for anything since you have made this claim following your injury of Tekeede?

"A. No sir."

This was a violation of *Rule 167a(c)* and reversible error. *C. E. Duke's Wrecker Service, Inc. v. Oakley*, 526 S.W.2d 228 (Tex. Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.).

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

REVERSED and REMANDED.