Alexander v. USF&G 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-138-CV




MURIEL DICE ALEXANDER,



 APPELLANT


vs.





UNITED STATES FIDELITY AND GUARANTY COMPANY,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 91-10289, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 





 Muriel Dice Alexander, the claimant in a workers' compensation case, appeals from
a judgment rendered in favor of United States Fidelity and Guaranty Company setting aside an
award of the Texas Industrial Accident Board. We will affirm the judgment of the trial court.



 BACKGROUND


 Alexander injured her knee on October 8, 1984. Claiming that the injury occurred
at work, she sued United States Fidelity and Guaranty Company ("the insurer") for workers'
compensation benefits. See Act of March 28, 1917, 35th Leg., R.S., ch. 103, 1917 Tex. Gen.
Laws 269 (Tex. Rev. Civ. Stat. Ann. art. 8306-09, since repealed) ("Workers' Compensation
Law"). As a prerequisite to recovery, the injured employee must establish that either the
employer or the insurer had notice of a work-related injury within thirty days of its occurrence. 
Workers' Compensation Law art. 8307 § 4a. Strict compliance with the thirty-day 

deadline for notice is waived if the employee demonstrates there was good cause for her delay,
and that the good cause continued until she did provide notice of the injury. Id. Additionally,
the employer's or insurer's actual knowledge of the injury obviates the employee's obligation to
give notice. Id. In her first amended original petition, Alexander included alternative
allegations to meet the statutory notice requirement: (1) that she notified her employer and/or the
insurer of the injury within thirty days of its occurrence; (2) that the insurer or the employer had
actual knowledge of the injury within thirty days of its occurrence; or (3) that she had good cause
for delay in giving notice and the good cause continued until the time she did give notice. The
insurer filed a general denial, accompanied by a verified denial of Alexander's allegation that she
gave notice to her employer within thirty days of the injury. The insurer did not make a verified
denial of Alexander's allegations that it had notice or actual knowledge within thirty days, or that
she had good cause for failing to provide such notice.

 At the close of all the evidence and immediately before the trial court heard
objections to the charge, Alexander moved for a directed verdict on the issue of notice, stating
that because the insurer made no verified denial of good cause for Alexander's failure to notify
her employer of the injury within thirty days of its occurrence, her good cause allegation was
presumed to be true. The trial court denied this motion and submitted the issue of notice to the
jury. The jury found that Alexander's injury occurred in the course of her employment, but that
her employer did not have notice or actual knowledge of the injury within thirty days of its
occurrence. There was no issue submitted as to whether Alexander had good cause for failing to
meet the thirty-day notice requirement. (1) Because the remaining jury questions were conditioned
on a finding that the employer had notice or actual knowledge of the injury within thirty days of
October 8, 1984, the jury did not answer them. The trial court rendered judgment on the jury
verdict, setting aside the award of the Industrial Accident Board.

 After trial, Alexander filed a motion requesting: (1) a new trial based on her
contention that the jury's failure to find that her employer had notice or actual knowledge of the
injury within thirty days of its occurrence was against the great weight and preponderance of the
evidence; (2) judgment non obstante veredicto (n.o.v.) on the ground that the insurer's pleadings
were defective (2) or, alternatively, that the evidence conclusively established that she had good
cause for failing to give notice of the injury to her employer as required by the Workers'
Compensation Law; or (3) judgment in her favor because evidence regarding her belief that her
injury was trivial and that she had informed her employer of the injury conclusively established
good cause for failing to notify her employer. The trial court denied this motion.

 On appeal, Alexander complains that the trial court erred in (1) not granting her
motion for directed verdict, motion for judgment n.o.v., and motion for judgment because good
cause for failing to notify her employer of her injury was established as a matter of law; (2) not
granting her motion for new trial, motion for judgment n.o.v., and motion for judgment because
notice to the insurer was established as a matter of law; (3) not granting her motion for new trial,
motion for judgment n.o.v., and motion for judgment because actual notice was established as a
matter of law; (4) not granting her motion for new trial because the jury's failure to find that her
employer had notice or actual knowledge of her injury within thirty days of its occurrence was
against the great weight and preponderance of the evidence; and (5) admitting an exhibit that was
irrelevant and prejudicial and whose admission was contrary to article 8307 section 5 of the
Workers' Compensation Law. 



DISCUSSION


 In order to succeed on her claim for workers' compensation benefits, Alexander
was required to prove that within thirty days of the injury she notified either her employer or the
insurer. Workers' Compensation Law art. 8307 § 4a. Proof of notice within the thirty-day period
is unnecessary, however, if the employer or insurer has actual knowledge of the injury. DeAnda
v. Home Ins. Co., 618 S.W.2d 529, 532 (Tex. 1980) (citations omitted). Strict compliance with
the statute's notice requirement may be waived for good cause. Workers' Compensation Law art.
8307 § 4a. In answer to question number two of the charge, the jury found that Capital Paint
Company, Alexander's employer, did not have notice or actual knowledge of the injury within
thirty days of its occurrence. (3) On appeal, Alexander advances four separate arguments aimed at
challenging or circumventing the jury's failure to make an affirmative finding on an essential
element of her cause of action. 

 In her first point of error, Alexander contends that because the insurer did not make
a verified denial of good cause for failure to give notice of injury, she was entitled to a directed
verdict that good cause existed. In support of this contention, Alexander argues that under rule
93 of the Texas Rules of Civil Procedure, an allegation of good cause is presumed to be true
unless the insurer makes a verified denial. Rule 93(13) provides:



in the trial of any case appealed to the court from the Industrial Accident Board the
following, if pleaded, shall be presumed to be true as pleaded and have been done
and filed in legal time and manner, unless denied by verified pleadings:


 (a) Notice of injury.

 (b) Claim for compensation.


. . . .


 (g) That there was good cause for not filing claim with the Industrial
Accident Board within the one year period provided by statute.



Tex. R. Civ. P. 93(13) (emphasis added). We do not find within Rule 93, or elsewhere, a
requirement that a denial of good cause for not giving notice of injury to the employer or insurer
must be verified. Alexander argues that Rule 93(g), which requires a verified denial of good
cause for failure to file a claim, implicitly includes a requirement that the defendant make a
verified denial of good cause for failure to give notice. In support of this argument, Alexander
contends that cases examining what constitutes good cause for not filing a claim often rely on the
same factors and reasoning used to determine whether there is good cause for not giving notice. 
See, e.g., Aetna Casualty & Sur. Co. v. Brown, 463 S.W.2d 473, 476 (Tex. Civ. App.--Fort
Worth 1971, writ ref'd n.r.e.). However, though courts may employ the same factors and
reasoning in answering the substantive question of what constitutes good cause for failure to file
a claim within the statutory period or failure to give proper notice, this has no bearing on the
threshold procedural question of whether the parties have put good cause into issue at all. Under
the specific language of Rule 93, if the insurer does not make a verified denial, the claimant is
entitled only to a presumption of good cause for failing to file a claim; the rule grants no such
presumption when the issue is whether there was good cause for failing to give notice of the injury
within thirty days of its occurrence. See Tex. R. Civ. P. 93(13). We will not ignore the precise
language of the statute to conclude that an allegation of good cause for failure to notify the
employer or insurer is also presumed to be true unless denied by verified pleadings. 

 Alexander also relies on Southern Underwriters v. Tullos, 151 S.W.2d 789 (Tex.
1941), as precedent for requiring that allegations of good cause for failing to give notice must be
countered by a verified denial. When Southern Underwriters was decided, there was no statutory
provision expressly requiring a verified denial of good cause for not filing a claim within the
statutory time period, yet the supreme court held that a requirement that once the plaintiff makes
allegations showing good cause, these allegations must also be denied by sworn pleadings was
implicit in the requirement of a verified denial that a claim had been timely filed. Alexander
contends that the rationale of Southern Underwriters obligates this Court to infer a similar
requirement with respect to a denial of good cause for failing to notify the employer of the injury. 
The facts of Southern Underwriters, however, distinguish it from the case presented in this appeal. 
In Southern Underwriters, the claimant alleged facts which, if true, demonstrated a meritorious
reason for his failure to file a claim. Southern Underwriters, 151 S.W.2d at 790. By contrast,
Alexander's petition does not allege facts sufficient to justify her delay in giving notice of the
injury. Rather, she merely alleges that good cause existed. The supreme court specifically
excluded the analogous situation from its holding in Southern Underwriters. Southern
Underwriters, 151 S.W.2d at 790 ("We are not here confronted with a case in which the
employee's petition failed to allege facts sufficient to justify a late filing of the claim."). 
Alexander's reliance on Southern Underwriters is therefore misplaced. We conclude that the
insurer's general denial was sufficient to prevent a presumption that Alexander had good cause
for failing to give notice of her injury within thirty days of its occurrence. See Tex. R. Civ. P.
92 ("A general denial of matters pleaded by the adverse party which are not required to be denied
under oath, shall be sufficient to put the same in issue."). We overrule Alexander's first point
of error.

 In her second point of error, Alexander maintains that the trial court erred in
denying her motion for new trial, motion for judgment n.o.v., and motion for judgment because
notice to the insurer was established as a matter of law. Article 8307 section 4a of the Workers'
Compensation Law requires the claimant to give notice of injury to her employer or the insurer
within thirty days of its occurrence. In her pleadings, Alexander alleged that she "gave notice
within thirty days after the date of injury to the employer and/or to the insurance company." 
Though the insurer made a verified denial of notice, it denied only notice of injury to the
employer; because notice to the insurer is presumed absent a verified denial, Alexander claims
to have met the notice requirement of the Workers' Compensation Law as a matter of law.

 We do not address the merits of the argument raised in Alexander's second point
of error because we conclude that she has waived any error. Though Alexander moved for
directed verdict at trial and subsequently filed a motion for new trial, for judgment, and for
judgment n.o.v., none of these motions raised the error of which Alexander now complains. 
Alexander requested a new trial based on her contention that the jury's answer to jury question
number two was against the great weight and preponderance of the evidence. Question two did
not ask the jury whether the insurer had notice of the injury, but whether Capital Paint Company,
Alexander's employer, had notice of the injury. A motion for new trial on the basis that the
employer had notice does not preserve error for a complaint that notice to the insurer was
established as a matter of law. See Tex. R. App. P. 52(a) ("In order to preserve a complaint for
appellate review, a party must have presented to the trial court a timely request, objection or
motion, stating the specific grounds for the ruling he desired the court to make if the specific
grounds were not apparent from the context."). 

 Similarly, in her motion for judgment n.o.v., Alexander argued that there was a
defect in the defendant's pleading, or in the alternative, that the evidence conclusively established
that Alexander had good cause for both failing to give notice of the injury to her employer as
required by the statute, and for failing to file a claim within the required time. As previously
noted in this opinion, the pleading defect complained of in this motion is that the insurer did not
make a verified denial of good cause for failure to notify the employer. Alexander does not assert
that the insurer's failure to make a verified denial that it received notice results in a conclusive
presumption that she met the notice requirements of the Workers' Compensation Law. 
Alexander's motion for judgment n.o.v. does not, therefore, preserve her second point of error
for appeal. 

 Alexander's motion for judgment requested that the trial court find good cause for
failing to notify her employer of the injury because the evidence conclusively established good
cause. Again, this motion preserves for appeal only the issue of whether it was error for the trial
court to accept and render judgment on the jury's failure to find that Alexander's employer had
notice of the injury; it does not point out to the trial court that Alexander intended to satisfy the
statutory notice requirement by relying on a legal presumption that the insurer had notice of the
injury within thirty days of its occurrence.

 Finally, Alexander's motion for directed verdict also focuses on the jury's answer
to question number two in the jury charge. This question asked the jury whether Capital Paint
Company, Alexander's employer, had notice of the injury. Alexander never argued that she was
entitled to a presumption of notice to the insurer because of its failure to make a verified denial. 
Alexander has raised this argument for the first time on appeal. A party cannot complain of error
in the trial court unless she calls attention to such error in time for the trial court to remedy the
error. Lewis v. Texas Employers' Ins. Ass'n, 246 S.W.2d 599, 600 (Tex. 1952); Richard
Orsinger, 6 Texas Civil Practice § 47.3, at 898 (1992 ed.). Furthermore, a party may not raise
on appeal a theory different from the one presented to the court below. Austin Transp. Study
Policy Advisory Comm. v. Sierra Club, 843 S.W.2d 683, 689 (Tex. App.--Austin 1992, no writ). 
Consequently, we overrule Alexander's second point of error.

 In her third point of error, Alexander asserts that because the insurer never made
a verified denial of the insurer's or the employer's actual knowledge, this element was established
as a matter of law. As a result, Alexander claims that the trial court erred by not granting her
motion for new trial, motion for judgment n. o. v. or motion for judgment. For the reasons
outlined above, Alexander has waived this point of error as well. None of Alexander's motions
assert that actual knowledge was established as a matter of law because the insurer did not make
a verified denial. Therefore, any error has been waived. See Tex. R. App. P. 52(a). 
Alexander's third point of error is overruled.

 Alexander's fifth point of error complains that the jury's answer to question number
two was against the great weight and preponderance of the evidence. This point of error has been
properly preserved by a motion for new trial. Tex. R. Civ. P. 324(b). When reviewing a factual
sufficiency point, we must consider and weigh all the evidence and should set aside the judgment
only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244 S.W.2d 660,
661 (Tex. 1951); see also Pool v. Ford Motor Co., 715 S.W.2d 629 (Tex. 1986). In answer to
question two of the charge, the jury failed to find that Capital Paint Company had notice of the
injury within thirty days of its occurrence. "Notice" to the employer was defined to include notice
to or actual knowledge on the part of a foreman or other supervisor, or an agent designated by
the employer to receive the notice.

 Much of the trial focused on whether Alexander's employer, Capital Paint
Company, had notice or actual knowledge of her injury. Alexander testified that after she hit her
knee on her desk at work, she "hobbled around and moaned and groaned." She stated that she
did not remember who was in the room with her, but that someone came into the room and she
told them she had hurt her knee. She did not, however, testify that this person was a foreman or
other supervisor, or an agent of the employer. Alexander also testified that later in the day, when
she was working at Southland Jobbers, a separate business entity also owned by her employers
at Capital Paint Company, she told a co-worker, John Gonzales, that she had hurt her knee and
needed to go to the doctor. Alexander contended at trial that Mr. Gonzales was a supervisor and
that her telling him she injured her knee constituted notice to her employer. However, there was
evidence at trial that Mr. Gonzales was not in a supervisory position such that notice to him was
considered notice to the employer. Furthermore, Mr. Gonzales was an employee of Southland
Jobbers rather than Capital Paint Company. 

 On cross-examination, Alexander testified that she told Jan Price, her supervisor
at Capital Paint Company, that she had injured herself, but could not recall when. At trial the
following exchange took place:



Q: Isn't it true that you do not recall telling anyone else affiliated with Capital
Paint or Southland Jobbers that you injured yourself? 


A: No, it is not true.


Q: I am going to refer you to Page 49 of your deposition. . . . I asked you,
"Okay, what did you tell Allen about how you injured yourself." And would
you read your answer?


A: "That I had hurt myself. I guess that's all I told him."


Q: "What did he--do you remember did he say anything to you after that?"


A: "And I don't remember."


Q: "And I believe you stated you are not sure whether or not you told Jan?" And
your answer?


A: "Yes."


Q: "Do you recall if you told anyone else . . . affiliated with Capital Paint or
Southland Jobbers?"


A: "I don't recall telling them." Well, now I recall. 


Q: But your answer was "I don't recall telling them, no."


A: But now I recall.



Later in the trial, Jan Price testified that Alexander did not tell her anything about being injured
on the job, though she also stated that it is possible that she simply did not remember. Regarding
the employer's actual notice of the injury, there was conflicting evidence as to whether
Alexander's supervisors at Capital Paint Company, Marilyn Price and Jan Price, had actual
knowledge of the injury within thirty days. Both Marilyn Price and Jan Price testified that they
did not know of an on-the-job injury until they were contacted by an insurance representative in
1991.

 The jury is entitled to disbelieve the testimony of a workers' compensation
claimant. Garza v. Commercial Ins. Co. of Newark, N.J., 508 S.W.2d 701, 702 (Tex. Civ.
App.--Amarillo 1974, no writ). It is the jury's responsibility, as judge of the witnesses' credibility
and the weight to be given to their testimony, to resolve any conflicts and inconsistencies in the
testimony. Ford v. Panhandle & S.F. Ry., 252 S.W.2d 561, 563 (Tex. 1952). Having reviewed
the evidence, we cannot say that the jury's failure to find that Alexander's employer had notice
of the injury within thirty days was so contrary to the overwhelming weight of the evidence as to
be manifestly unjust. See In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1952). We overrule
Alexander's fifth point of error.

 Alexander's fourth point of error complains that the trial court erred by admitting
into evidence a page from her Texas Workers' Compensation Commission file. She contends that
admission of this document was reversible error because it deprived her of trial de novo as
guaranteed by article 8309 section 5 of the Workers' Compensation Law. At trial, Alexander
objected to the admission of the contents of the document on the basis that it was irrelevant, rather
than that admission of the document violated any provisions of the Workers' Compensation Law. 
However, even assuming that this objection was sufficient to preserve Alexander's complaint on
appeal, this provision of the Workers' Compensation Law does not apply to the document
admitted at trial. The document was a written report of injury filed by Alexander, the workers'
compensation claimant. The statute, however, states that "reports of accidents required by law
to be made by subscribers shall not be deemed as admissions and evidence against the association
or the subscriber." Workers' Compensation Law art. 8309 § 5 (emphasis added). "Subscriber"
is defined as "any employer who has become a member of the [Texas Employers' Insurance
Association] by paying the required premium." Workers' Compensation Law art. 8309 § 1. 

 Alexander contends that the policy underlying article 8309 section 5 should apply
with equal force to reports filed by the claimant. We disagree. The policy behind not permitting
the employer's report to be used as evidence against that employer at trial is the state's strong
interest in ensuring that the employer makes a full and complete disclosure of all facts. See Texas
Employers Ins. Ass'n v. Henson, 569 S.W.2d 516, 516-17 (Tex. Civ. App.--Beaumont 1978, no
writ) (citations omitted). In Henson, the court noted that if the employer could anticipate the
document's being used against him at trial, he might be reluctant to make a full and complete
disclosure, thereby defeating the purpose of the report. We agree with the insurer that these same
policy concerns do not arise when it is the employee's report that is offered into evidence. The
claimant in a workers' compensation case has every incentive to make an accurate accounting of
the facts surrounding his or her injury; the document is filed for the very purpose of asserting a
claim for benefits. There is no policy reason for prohibiting its admission into evidence, and we
cannot hold that the court erred by doing so. Moreover, if it were error for the trial court to
admit the document, the error would not amount to such a denial of Alexander's rights as was
reasonably calculated to cause and probably did cause rendition of an improper judgment in the
case. See Tex. R. App. P. 81(b)(1). We overrule the fourth point of error.

 Finding no error, we affirm the judgment of the trial court.



 

 Bea Ann Smith, Justice 

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: January 19, 1994

Do Not Publish 
1. Alexander did not request a question on good cause for failing to notify her
employer or the insurance company of the injury within thirty days of it occurrence, nor
did she object to the question's omission from the charge. The insurer, however, did
object to the omission of a question on good cause for failing to timely file notice of injury
with either the Industrial Accident Board or the Texas Workers' Compensation
Commission. 
2. The motion does not specifically state in what manner the insurer's pleadings are
defective. However, Alexander did argue in her motion for directed verdict that the
insurer was required to make a verified denial of Alexander's allegation of good cause for
not notifying her employer of the injury in order to put the matter in issue. We conclude
that the defect referred to in Alexander's motion was the insurer's failure to make such
verified denial. This conclusion is consistent with the rest of the portion of the motion
requesting judgment n.o.v., which also addresses the issue of good cause.
3. Alexander did not request a question on the issue of whether the insurer had notice of
the injury, nor did she object to its omission from the charge. A significant amount of the
testimony and evidence presented at trial involved the issue of notice to the employer; by
contrast, the issue of whether the insurer received notice of the injury was not addressed.